* Per Curiam.
The sickness of the defendant was a sufficient excuse for not making the surrender within the eight days. It appears, by a certificate of the sheriff, that the principal surrendered himself, and we are to presume that it was done voluntarily, so there is no ropm for the objection as to an agent;. but if that were a question now to be decided, we are inclined to think, that special bail may, ex necessitate, depute.(b)
Rule granted.

 Strang v. Barber, supra, 329, n. 1(a) It will not avail the bail to show that the principal died before the execution was returned into the clerk’s office, if his death were after the return day of the execution, and after the return was, endorsed on it. Bradford v. Earle, 4 Pick. 120. Or that the principal, on the first day of the term when judgment was rendered against him, was too sick to be removed without endangering his-life, and so remained until after the return day of the. execution,, when he died. Goodwin v. Smith, 4 N. Hamp. R. 29. But by the Revised Statutes, when the defendant shall die, after the return of the execution against his body, and be fore the expiration of eight days, from the return of the process served on his bail, the court shall relieve such bail, on the same terms as if they had sur *495 rendered their principal, at the time of his death. 2 R. S. 383, sec. 34. “ Where, by reason of circumstances, over which they have no control, the bail are prevented from making the surrender, within the regular time, the court will enlarge the time to surrender ; 6 Cowen, 599 ; 5 Cowen, 25; but this power does not extend to a supreme court commissioner; 2 Wend. 251 ; and in the exercise of this discretion, our courts have always, regarded bail with a favorable eye. Thus, they will extend the time for surrender, in case of the sickness of the principal; and in such case, the bail have been allowed to surrender their principal, after the eight days allowed ex gratia, although no rule enlarging the time, or order to stay proceedings were obtained within the eight days, the sickness of the principal not being known to the bail at that time. 5 Cowen, 29 ; 1 Johns. Cas. 413; Golem. 111. So, where the principal was imprisoned on civil process, in another state, the proceedings were staid, and time given to the bail, to surrender the principal, until after his liberation. 2 Wend. 263. So also, though, as we have seen, imprisonment for a term of years within this state, does not entitle the bail to an ex-oneretur, yet if they be pressed with a suit, time will be allowed them to surrender. 6 Cowen, 599. So, where the bail were in fact prevented from suit rendering their principal, by an omission to file the bail piece, the court after judgment against the bail, ordered the bail piece to be filed nunc pro tunc, but allowed the bail thirty days, to surrender, upon payment of all the costs. 7 Cowen, 422. So, where the capias was served at so short a time before the return day, that owing to the distance of the principal’s residence, he could not be surrendered in time, the court enlarged the time. 3 Caines’ R. 136. But where the capias was made returnable on the third day of term, and on the twelfth, the bail made affidavit that until the sixth he had supposed the writ returnable on the last day of term, so that he would have had eight days in the next term to surrender, and that after discovering the mistake, it was impossible, from the distance at which the principal resided, to made the surrender in time, the .excuse was held to be insufficient, and an enlargement of the time to surrender, was refused. 4 Johns. R. 310.” Gra. Prac. 2d edit. 440, 441.