Brownelow *against* Forbes, bail of Fitzgerald.

Same *against* Fitzgerald and Piper.

Though bail be indemnified by their principal, yet the court will order an exoneretur to be entered on the bail piece, if the surren-[\*102] der has been made within eight days after return of process against bail.

*Woodworth*, attorney-general, in behalf of the defendants, moved that the default and judgment entered against the bail in this cause, should be set aside for irregularity, and that an *exoneretur*.be entered on the *bail-piece*. The same motion was made at the last term, when the court directed the proceedings to stay, and the application to be renewed at this term.

[\*] The *capias ad respondendum*, issued against the bail, was returnable on the 17th *May*, the last day of that term ; and on the first day of *August*, and previous to the commencement of the last term, the principal was duly surrendered by his bail, into the custody of the sheriff of the city and county of *New-York ; and the rule to show cause why an exoneretur should not be entered on the bail-piece, before the Recorder, on the 6th day of August,* was duly served on the plaintiff's attorney ; but the defendant's attorney not attending at the day, the rule was not granted.

*Woodworth* contended, that it was now the settled practice, that the bail had eight days, in full term, after the return of the *capias* against them, to surrender their principal ; that the surrender in this case, having been made before the expiration of the eight days, the bail were entitled to be exonerated.

*Harison* and *D. B. Ogden*, contra, read affidavits, by which it appeared that *Fitzgerald*, having been arrested in several suits, put in bail, which was excepted to by the plaintiffs as insufficient ; that *Fitzgerald* then agreed to deposit $10,000 with *Forbes*, who consented to become additional bail. An agreement was then entered into between *Forbes* and the attorney of the plaintiff, by which it was stipulated that *Forbes* was in no event to be liable for any damages or costs beyond the amount of $10,000

to be applied by the attorney of the plaintiff rateably towards the payment of the judgments to be recovered in the several suits. It appeared also, that *Forbes* still retained the sum of $10,000 in his hands, and that *Fitzgerald* had voluntarily surrendered himself in discharge of his bail. It was contended, that the rule of practice, allowing a surrender after the return of the *ca. sa.* was a privilege of the bail, not of the principal. Here the bail did not surrender the principal, but the latter voluntarily surrendered himself. On the return of the *ca. sa.* against the principal, the bail are legally fixed.* Allowing the bail to surrender, afterwards, is matter of indulgence and favour, and in the sound discretion of the court. It is intended for the *relief* of bail, and the court will look into the[*]circumstances of the case to discover whether the bail will *suffer*. If bail be indemnified by their principal, there is no reason for the court to interfere ;† for they can suffer no injury. Here the money was deposited with the bail, for the express purpose of indemnifying them in this suit.

*T. A. Emmett*, in reply. In an application of this nature, the merits of the original suit are not to be taken into consideration. The rule of practice in regard to bail is, that where the plaintiff proceeds by an action of *debt* on the recognizance, the bail have eight entire days in full term, next after the return of the process against them, in which to make a surrender.* The object of bail is not to indemnify the plaintiff, but merely for the forthcoming of the body of the defendant. The *condition* of the recognizance is, that the defendant shall pay the condemnation money, or surrender himself into the custody of the sheriff. If the condition be fulfilled by a surrender, there is no ground for an action on the recognizance, and the court must relieve. The practice of relieving, within the eight days next after the return of the process against bail, has been so long established that it has now grown into a matter of *right*; though strictly speaking, it

* 1 *Bos.* and *Puller, New Rep.* 67, 68. *Copous* v. *Blyton.*

[ *103]

† 6 *Term,* 56. *Merrick* v. *Vaucher.*

*Tidd's Practice,* K. B. 147. *Coleman's Cases,* 108, 109.

NEW-YORK,
Nov. 1806.

Brownelow
v.
Forbes·

is said to be matter of *favour*. A favour which the court cannot, consistently or justly refuse, is tantamount to a right. In the cases cited on the other side, the bail were, from peculiar circumstances, unable to surrender the principal; their application was, therefore, addressed to the indulgence and favour of the court. Not a case can be found, where bail have been denied relief, when the body of the defendant had been surrendered within the time allowed by the rules of the court.

Where the body of the principal is surrendered in due time, the court cannot go aside to inquire as to any indemnity. The only question is, has the condition of the recognizance been fulfilled, according to the established practice of the court?

The notion to set aside the default and subsequent judgment, is substantially an application for the relief of [*]the bail : and if the court order an *exoneretur*, the other will follow of course.

[* 104 ]

*Per Curiam.* There is no case in which the court have refused to order an *exoneretur*, where the surrender has been made within the *eight* days. Such a surrender is a compliance with the condition of the recognizance. By the universality and uniform application of this rule, it has now grown into a matter of right. Technically speaking, it cannot be pleaded, and so it is not *de jure*. The relief is on motion, and not by plea, and the court always require the costs in the suit on the recognizance to be paid, and so far, and no farther, it is *ex gratia*. We are not to look into the merits of the original suit, nor are we to inquire whether the bail be *indemnified* or not. It is enough that the surrender has been made within the time required by the rules of the court. We have before decided, that we would relieve on motion, *after a default*, if the principal had been discharged by the insolvent act.*

* 1 *Caines,* 9.
*Seaman* v.
*Drake.*

Rule granted.