### BRADLEY & BISSELL *vs.* BISHOP.

In an action of debt on *recognizance of bail*, it is no defence that the sheriff might have arrested the defendant in the original suit on the *ca. sa.* issued therein, unless fraud or collusion is charged upon the plaintiffs.

DEMURRER to pleas. The declaration is in debt on *recognizance of bail*, in a suit of the plaintiffs against one *I. Sunderlin*. The defendant pleads 1. That a *capais ad satisfaciendum* was issued in the original suit, and delivered to the sheriff of *Yates*, and that from the time of the delivery thereof until its return, Sunderlin, the defendant in the original suit, was within the bailiwick of the sheriff of *Yates*, of which the sher-

iff had notice, and who at any time might have arrested him, but the sheriff did not, and would not make any endeavors to arrest Sunderlin upon such *ca. sa.*; and 2. That while the sheriff had the *ca. sa.* in his possession, he saw and conversed with Sunderlin, and had him entirely within his power, and yet falsely and fraudulently returned upon the *ca. sa.* that he could not find the body of Sunderlin within his bailiwick. The plaintiffs *demur* generally to both pleas.

*H. Wells*, for plaintiffs.

*J. Taylor*, for defendant.

*By the Court*, SAVAGE, Ch. J. These pleas are both bad. The revised statutes prescribe that the plaintiff, in an action in which special bail shall have been put in, shall not be entitled to bring any suit on the recognizance of bail, until he has issued a *fi. fa.*, which shall have been returned unsatisfied in whole or in part, and until a *ca. sa.* shall have subsequently been returned not found; and the sheriff is required to execute such process, notwithstanding any directions he may receive from the plaintiff or his attorney. 2 R. S. 382, § 31. The next section provides that the defendant may plead, 1. That no *fi. fa.* and *ca. sa.* were issued as above directed; or 2. That they were not issued in sufficient time; or 3. That directions were given by the plaintiff or his attorney to prevent the service of the said writs, or either of them; or 4. That any other fraudulent or collusive means were used to prevent such service. The pleas under consideration state gross misconduct of the sheriff, but it is not averred that such misconduct was caused by the plaintiffs or their attorney. The fraudulent and collusive means intended by the legislature must be chargeable upon the plaintiff, otherwise it is no defence. The party has a remedy against the sheriff in a proper action, but the facts stated, form, as pleaded, no defence to the plaintiff's action.

Judgment for plaintiffs on demurrer, with leave to the defendant to amend, on payment of costs.