## SUPREME COURT.

The Bank of Geneva agt. Mortimer F. Reynolds and Lewis Selye.

By § 191 of the Code, it is obvious that the legislature designed not to change the practice, but to allow it to remain as it was before, respecting the *time* in which *bail* may apply for *further time to surrender their principal* after the expiration of twenty days from the commencement of the action against them, and also as to the grounds of such application. (*Agreeing with Gilbert agt. Bulkley,* 1 *Duer,* 668.)

Before the Code the practice was well settled, that where *bail,* by reason of circumstances, over which they had no control, were prevented from making the surrender within the regular time, the court would *enlarge the time to surrender;* and this might be done, although no application had been made, or order to stay proceedings obtained within the regular time for making the surrender. What *grounds* have been, and are, considered sufficient to grant such application, examined and stated.

Where the surrender has been made within the regular time allowed by law, the rule seems to be that the bail are entitled under a substantial, if not technical, legal right, to an *exoneretur,* although they are *fully indemnified.* But it is clear upon general principles, that where the bail ask a favor of the court, no *further time* should be granted them for the surrender of their principal where they have the means in their hands, or at their command, of indemnifying themselves in case of a recovery against them.

Bank of Geneva agt. Reynolds.

And it should properly be shown as a part of the application that the bail had no indemnity and would suffer, unless allowed to surrender, before further time should be granted.

An *order* of special term granting defendants who are sued as bail, further time to render their principal, is *not appealable;* but in this case, the appellate court said that a *rehearing* at special term ought to be had.

*Seventh Judicial District, General Term, September,* 1860.
*Present,* SMITH, KNOX, and JOHNSON, *Justices.*

APPEAL from order at special term giving defendants, who are sued as bail, further time to render their principal. The facts appear sufficiently in the opinion.

    T. R. STRONG, *for appellant.*
    G. F. DANFORTH, *for respondent.*

By the court, JOHNSON, Justice. The Code (§ 191) has provided how bail may now be exonerated.

Amongst other means prescribed is that of surrendering the defendant to the sheriff of the county where he was arrested, within twenty days after the commencement of the action against the bail, *or within such further time as may be granted by the court.*

No provision is made in respect to the period of time, after the commencement of the action against the bail, within which the application for further time may be made, nor in respect to the grounds, upon which the allowance of further time may be granted. In these respects, it is quite obvious, from the reading of the section above cited, that the legislature designed not to change the practice, but to allow it to remain as it was before. And it has been, very correctly, as I think, so decided. (*Gilbert* vs. *Bulkley,* 1 *Duer,* 668.)

Before the Code the practice was well settled, that where bail, by reason of circumstances over which they had no control, were prevented from making the surrender within the regular time, the court would enlarge the time to surrender. And this might be done, although no application

had been made, or order to stay proceedings obtained, within the regular time for making the surrender. (*Boardman* vs. *Fowler*, 1 *Johns. Cases*, 413 ; *Thomas* vs. *Bulkley*, 5 *Cowen*, 25 ; *The Phœnix Fire Insurance Co.* vs. *Mowat*, 6 *id.* 599 ; *Nichols* vs. *Sutfin*, 7 *id.* 422 ; *The People* vs. *Onondaga C. P.*, 2 *Wend.*, 263.) In *Nichols* vs. *Sutfin* further time was given even after judgment against the bail, and fi. fa. issued and levied. In that case the attorney of the principal had neglected to file the bail piece, by reason of which the defendant had been unable to make the surrender. The defendant moved to set aside the judgment and subsequent proceedings, on the ground that they were irregular, and the plaintiff moved for leave to file the bail piece *nunc pro tunc*. The court refused to set aside the proceedings, holding, that the plaintiff had been regular. But as the defendant had been prevented from making the surrender, by the error of the principal, or his attorney, in neglecting to file the bail piece, he was then allowed thirty days further time to make the surrender, and to have his *exoneretur* entered, on making such surrender and paying the costs of the action.

The temporary imprisonment of the principal, in another state, has been held good cause for granting further time to surrender, though not for exoneration.

In *Thomas* vs. *Bulkley*, the principal, who was absent in the state of North Carolina, was sick, and the defendant was ignorant of the sickness and cause of detention, until after the eight days for making the surrender had expired, and the court held, that the defendant being ignorant of the grounds of the motion, was not guilty of laches, in not making it before the regular time had expired, and gave him leave to surrender and enter an *exoneretur* on payment of costs.

Within the principle of these cases, I entertain no doubt that aside from the question of indemnity, which will be hereafter noticed, good cause was shown by the defendants

for granting to them further time, and also for allowing the application to be made, at this stage of the proceedings against them. Breck, their principal, left the country without their knowledge, for India, before judgment had been perfected against him, and several months before this action was commenced. They learned of his departure for, and subsequent arrival at, Singapore in the East Indies, but knew nothing of any design or intention on his part ever to return. Under these circumstances it is clearly seen, that any effort on the part of the defendant to effect his surrender, must. have proved fruitless. He was quite as much out of their reach,. as he would have been, had he been imprisoned temporarily in another state of this Union. These were circumstances over which they had no control. The absence furnished no cause for exoneration, and as long as they were ignorant that he intended to return, or that he was about to return, they had no ground upon which they could apply for further time. The first application was made, as soon as the defendants learned that their principal was within their reach. It was made as soon as they had the means of showing to the court, that Breck could be reached by them and surrendered, after the occasion for a motion had arisen. Certainly there has been no laches in making the application, for further time. Where the inability to make the surrender has arisen from the continued absence of the principal from the country, it can make no difference whether the continuance of the absence is occasioned by sickness or imprisonment, or deliberate refusal of the principal to return within the reach of his bail, being beyond their reach. In either case he is beyond the control of the bail, without their fault, unless they have voluntarily consented to his placing himself in this situation.

It has been seen by the case of *Nichols* vs. *Sutfin*, that the inability to make the surrender, arising from the negligence of the principal, is just as effectual to shield the bail, as that arising from his sickness or imprisonment. It can-

not be doubted, I think, that the decision would have been the same in that case, had the principal or his attorney, wilfully, instead of negligently, omitted to file the bail piece.

Bail have always been favorably regarded by courts, especially in the matter of the surrender of their principal; and very justly so, because the primary object of bail is to secure to the plaintiff the body of the defendant, upon failure to obtain satisfaction out of his property.

It is quite probable, that had the defendants here made application to the court for further time to surrender, during the voluntary absence of Breck, their application would have been refused, even if they could have shown, that he designed voluntarily to return, after an absence of two years; because the court would not allow the mere volition of the principal debtor, to delay the remedy of the creditor. But that is not the question here presented. The principal has unexpectedly to the bail, returned within their reach, the action against them is still pending, and the question is, not what the court would have done, had the application been made while the principal voluntarily kept himself out of the power of his bail, but whether now, having the ability, they shall not be allowed to make the surrender and thus fulfil the primary object of the undertaking. The inability to make the surrender, from whatever cause, is now removed, and I think the cause of it, while it existed, is of no consequence on this application, so long as it is in no way chargeable to these defendants. If it was a matter over which they had, practically, no control, in respect to its origin or continuance, I think we should allow them now, to make the satisfaction to the plaintiffs which they originally stipulated for, on payment of the costs of the action against them, unless it is shown by the papers that they have been indemnified by their principal. This question of indemnity by Breck to the defendants, the court at special term seems not to have

noticed, although it was made by the papers on which the motion was opposed.

It does not appear very clearly by the opposing affidavits, whether the defendants, or either of them, are indemnified. But enough is shown, I think, to raise the question fairly, and to call upon them to show whether they are indemnified in any manner, and if so, to what extent. The application here is strictly to the favor of the court. When the surrender has been made within the regular time allowed by law, the rule seems to be that the bail are entitled to an *exoneretur*, although they are fully indemnified. (*Browne-low* agt. *Forbes*, 2 *Johns.*, 101.) But in such case the surrender and consequently the *exoneretur*, are matters of substantial, if not technical, legal right. Not so here. The defendants ask a favor, and the court should see whether, under all the facts and circumstances disclosed, it ought to be granted. It seems to me very clear, upon general principles, that no further time should be given, if the defendants have the means in their hands, or at their command, of indemnifying themselves in case of a recovery against them. It is true that the primary object of bail, is not to indemnify the plaintiff, but is for the forthcoming of the body of the defendant. The condition is, that the defendant shall pay the money or surrender himself to the sheriff in execution, within a particular time. The condition is broken and the bail sued. The presumption is, that the money is more favorable to the creditors, than the body of the debtor in execution, and if the defendants here have the money of the debtor in their hands, or other indemnity, they ought not to be allowed further time in which to surrender the body, to the plaintiffs' prejudice, when it could be of no possible advantage to them. In such case, it could benefit no one, except the debtor, and the law does not, in this regard, favor him. In *Merrick* agt. *Vancher*, (6 *Term*, 50,) the defendant had been sent out of the country under the alien act, of 33 *George III*, and the court, upon mere

suggestion, refused to allow the *exoneretur* to become absolute, until the bail produced an affidavit, showing that they had no funds of their debtor in their hands out of which they could repay themselves, in case of a recovery against them, or other indemnity. And in *Coles* agt. *De Hayne*, (*id.* 52,) where the defendant had been sent out of the country in the same way, upon its being shown that money had been deposited for the purpose of indemnifying the bail, the court refused the *exoneretur* altogether.

It seems to me, that it should properly be shown as a part of the application, that the bail had no indemnity, and would suffer unless allowed to surrender, before further time should be granted. But certainly where enough is shown on the other side, to raise the question, and make it appear probable that indemnity has been given, the order should be denied or withheld until the bail show whether it has or not. It is in the very nature of things, a matter about which the plaintiff could ordinarily know but little, and the applicants who know should disclose as a condition of being relieved.

I am of opinion, therefore, that the order of the special term should be reversed if such order is appealable. I was at first inclined to the opinion that the order was appealable, but upon consultation with my brethren I find they are clearly of the opinion that it is otherwise, and we have determined that the order was a matter resting in the discretion of the court, and is not appealable. We all agree, however, that the discretion in this instance, in view of the facts disclosed in the opposing affidavits on the question of indemnity, was improvidently exercised to the prejudice of the substantial rights of the plaintiffs, and that a rehearing ought to be had at the special term.

The appeal must, however, be dismissed without costs to either party.