## McArthur *vs.* Pease.

Where a sheriff, upon an execution against the body, arrests the defendant, and negligently permits him to escape, and then returns, upon the execution, that the defendant can not be found in his county, this is a false return.

Such a return fixes the bail, and can not be questioned in an action against them, upon their undertaking.  It can only be questioned in an action directly against the sheriff, for a false return.

Such an action may be brought by the bail, upon an allegation that in consequence of the sheriff's false return, they were charged as bail, and compelled to pay the judgment.

The rule is the same where, although the evidence does not authorize the court to assume that an arrest was in fact made, it clearly appears that one might and should have been made. *Per* JOHNSON, J.

IN December, 1857, John Lent commenced an action against Robert McArthur, in which the latter was liable to arrest, and was arrested. To secure his release from such arrest, the plaintiff and one McVean became his bail and executed the undertaking provided by law. Lent obtained judgment and issued an execution against the property of the defendant in that action, which was returned unsatisfied. He then issued an execution directed to the defendant herein as sheriff, against McArthur's person, which was returned that he could not be found in the county. The plaintiff alleges that the sheriff arrested McArthur on this execution and *carelessly and negligently* suffered McArthur to escape from his custody, and that the sheriff's return that McArthur could not be found was false, and that thereby the bail were charged in an action brought by Lent, and had to pay the judgment. The plaintiff gave evidence tending to prove the arrest and negligent escape of McArthur. The defendant gave evidence tending to prove that there was in fact no arrest. The evidence showed, however, that the defendant might have arrested McArthur. The plaintiff proved a judgment in the action of Lent against herself and McVean on the undertaking of bail, in which she set up the arrest of McArthur by the defendant, and his being suffered to escape, and in which action judgment passed against the defendants. The plaintiff having rested the case, the defendant, by his counsel, moved the court to nonsuit the plaintiff on the following grounds: 1st. That the record given in evidence by the plaintiff in the action in the favor of John Lent, upon the undertaking of bail against the plaintiff in this action and Robert McVean, the same facts involved in this action having been put in issue and litigated and determined against them, was conclusive and a bar in this action, and by which the plaintiff in this action was estopped. 2d. That the plaintiff can

McArthur *v.* Pease.

not maintain this action separately from the said Robert McVean, her joint co-obligor upon the undertaking of bail, he being a necessary party thereto; and 3d. That the bail, being strangers to the action in which the alleged false return was made, can not maintain this action against the sheriff.

The court overruled the motion, and the defendant excepted to the decision.

The judge decided there was no question of fact for the jury, and directed a verdict for the plaintiff. The case comes before the court on a motion for a new trial, on exceptions, ordered to be heard in the first instance at a general term.

*Geo. F. Danforth,* for the plaintiff. I. The return indorsed upon the execution against the body of Robert McArthur was properly received in evidence. It was not necessary to describe the defendant in his official capacity. (*Curtis* v. *Fay,* 37 *Barb.* 64. 1 *Denio,* 327.)

II. The motion for nonsuit was properly denied. (7 *Pick.* 551. 17 *Mass. Rep.* 591, 600. 2 *Phil. Ev.* 369, *Edw. ed.*) 1. The plaintiff can maintain this action, and without joining her co-surety. She alone paid the full amount of the judgment which had been recovered against the bail. 2. But if Robert McVean, the co-surety, was a necessary party to the action, the facts making him so appeared upon the face of the complaint, and the objection not having been taken by demurrer or answer, can not now be raised. (*Code,* §§ 144, 148.)

III. The court properly directed a verdict for the plaintiff. (7 *Wend.* 352. 10 *id.* 367.) 1. No request was made by the defendant's counsel to go to the jury. (*Winchell* v. *Hicks,* 18 *N. Y. Rep.* 558, 565.) 2. Nor did he point out any specific question as one proper to be submitted to them. 3. Nor was there any question to be submitted to them. The action was to recover damages sustained by the plaintiff in consequence of the false return made by the defendant. That the return was false, was proven by the witnesses on both

McArthur *v.* Pease.

sides. Robert McArthur, the defendant in the execution, on the part of the plaintiff, proved an actual arrest by the defendant's deputy. In this he was sustained by several witnesses. On the part of the defendant it was denied that any arrest was made, but it was *not* denied that (1.) The deputy of the defendant had the execution for the arrest of the defendant therein. (2.) That, with this execution in his hands, he proceeded to the residence of the defendant, and there had him in view, conversed and walked with him, and had him under his control. This was on the 16th day of October, the day he received the execution; the 17th day of October was Sunday, and on Monday, the 18th day of October, the defendant returned upon the execution that he could not find the defendant in his county. (3.) After the interview above referred to, the officer never again returned to the premises of the execution debtor, or looked for or inquired after him, but on Monday, the 18th, returned that he could not find him. Upon either state of facts the defendant was liable; for an escape after arrest; or for failing to arrest, having the opportunity to do so; or for failing to use any endeavor to arrest. (*Hinman* v. *Borden,* 10 *Wend.* 367. *Tomlinson* v. *Rowe, Lalor's Sup.* 411. *Esp.* 175. 7 *Wend.* 352.) (4.) It is of no importance that the complaint alleges an actual arrest and escape, inasmuch as it also alleges the material fact, as a distinct allegation, that "the defendant falsely made return to the said execution that the said Robert McArthur could not be found." This fact warranted the judgment. (*Wright* v. *Hooker,* 10 *N. Y. Rep.* 51. *Robinson* v. *Wheeler,* 25 *id.* 252.)

IV. The record of judgment in the action of John Lent against the present plaintiff and her co-surety constituted no bar to this action. In that action the sheriff's return, that the executor debtor could not be found, was conclusive against the defendants, and could not be controverted, and by virtue of it the then plaintiff recovered. (11 *Barb.* 543.) This action is against the party whose false act caused that

McArthur *v.* Pease.

recovery and the injury complained of, and in it the plaintiff may controvert the return. (*See cases under 2d point.*)

*W. F. Cogswell,* for the defendant. I. The plaintiff can not maintain this action against the defendant upon the facts as averred or proved. She was a stranger to the action in which the alleged false return was made, and the defendant as sheriff owed her no duty ; on the contrary, she, as one of the bail of McArthur, owed him the duty of seeing that McArthur should at all times render himself amenable to the process of the court, and not escape therefrom. She was the custodian of the defendant in the execution, and it was her duty to surrender him to the sheriff; until she did, she was not discharged from her liability as bail. (*See Code,* § 191.) But it is a sufficient answer to the plaintiff's case, that the defendant owed the plaintiff no duty, and that therefore no negligence on his part would give her a right of action. (*Bank of Rome* v. *Mott,* 17 *Wend.* 554. 9 *Mass. Rep.* 251.)

II. The plaintiff could not maintain this action ; certainly she could not recover the measure of damages awarded to her, because she had a perfect remedy by surrendering the defendant in the execution at any time within twenty days after the action was commenced against her, under section 191 of the Code. This point was raised.

III. The judgment in the action of Lent against McArthur was conclusive evidence that the defendant had not arrested and suffered to escape the defendant in the execution. The matter was directly in issue and determined against the present plaintiff. (3 *Greenleaf,* 67. 28 *N. Y. Rep.* 72.)

IV. The court erred in directing a verdict for the plaintiff. It should have submitted to the jury the question whether there was in fact an arrest and escape, instructing them at the same time that if there was no arrest the plaintiff could not succeed. The evidence upon the question of whether there was an arrest in fact, was conflicting. Gould, the deputy, testified that there was no arrest made. The court

could have instructed the jury as it did, only upon the idea that the defendant was liable, if he neglected to arrest. This is certainly untenable. The plaintiff was bound that the prisoner should render himself amenable to the process, actively and positively; not merely that the sheriff might by diligence find him. The defendant did not owe the plaintiff the duty of seeking the prisoner; but the duty and the obligation was upon her. To maintain the ruling at the circuit is to reverse the right reason of things. That ruling proceeds upon the idea that the sheriff owed the same duty and was responsible for the same neglect to the plaintiff in this action, that he was to the plaintiff in the execution. This, we contend, is not so.

E. DARWIN SMITH, J. It is quite clear, I think, upon the evidence, that the defendant's deputy, Gould, upon the execution against the body of McArthur, duly arrested said McArthur and held him in his custody, or under his control, and negligently permitted him to escape. The return of the defendant upon such execution that the said McArthur could not be found in his county, was therefore clearly a false return, (*Hinman* v. *Borden,* 10 *Wend.* 367.) This return fixed the bail, and could not be questioned in an action against them upon their undertaking. It could only be questioned in an action directly against the sherriff, for a false return. (*Bradley* v. *Bishop,* 7 *Wend.* 352. *Boomer* v. *Laine,* 10 *id.* 525.) Such is this action, and I do not see why the plaintiff was not entitled to recover, and why the direction given by the circuit judge to the jury to find a verdict for the plaintiff was not entirely right and proper. Upon the whole evidence, and even upon the testimony of the deputy Gould, the jury could not have found that the return was not false, and it was therefore useless to submit that question to them.

But it is urged upon us that the plaintiff can not maintain an action against the sheriff for the false return, even conceding it to be false, on the ground that the sheriff owed no duty to the bail. The case of *Harrington* v. *Ward,*

McArthur *v.* Pease,

(9 *Mass. R.* 251,) is cited in support of this view.   In that case an action was brought against the sheriff for the neglect of one of his deputies in the service of an execution against property.   The plaintiff in the action was a stranger to the suit in which the execution was issued, and the court properly held that "no action lay against the sheriff either for his own default or that of his deputy, but at the suit of one to whom the sheriff is bound by the duty of his office."   But this doctrine can not apply as to bail.   They are connected with the action, and are privies to it in a certain sense.   They are responsible for the payment of the debt if the defendant does not pay it or render himself in execution, and the remedy against them depends upon the sheriff's return upon an execution against the body of the principal.   The bail therefore have the highest interest in the proper discharge of his duty by the sheriff, and the sheriff must owe them a duty in this connection.   A false return by him which charges the bail affects them, rather than the plaintiff in the execution.   In an action against the bail we have seen that the sheriff's return of a "*non est inventus*" is conclusive.   It would be highly unjust and unreasonable if, under such circumstances, the bail could have no redress against the sheriff for a false return.   In the case of *Bradley* v. *Bishop*, (7 *Wend. supra*,) which was an action against bail, in which they attempted to show that the return was false and that the sheriff might have arrested the principal, the court overruled the defense ; Chief Justice Savage saying, in the opinion, that the party had a remedy against the sheriff, in a proper action.

The case of *Kidde* v. *Partin*, (7 *Greenl.* 80,) is quite to the point.   The action was by the bail, against the sheriff, for a false return upon a *ca. sa.*, whereby the plaintiff was charged with the debt and obliged to pay the same—a case precisely like the present.   The plaintiff had a verdict at the circuit, which was affirmed by the court in banc ; and I can hardly conceive how there can be any doubt that a recovery was proper in such a case.   The contract of the bail is that

McArthur *v.* Pease.

the defendant shall be amenable to process against his body. He is amenable for the discharge of his bail if once arrested or within the power of the sheriff, upon final process against his body. The obligation of the bail is then fulfilled, and he is completely exonerated and discharged from further liability or duty in respect to his principal. The bail in this case undoubtedly had the right, under section 191 of the Code, within twenty days after suit was commenced against them, to have surrendered the principal to the sheriff in exoneration of themselves as such bail. But if the defendant had been duly charged in execution before that time, and been permitted to escape by the sheriff, the bail was clearly discharged, and I can not see that they were bound to take any steps to look up the principal. But it does not appear that it was possible for them to surrender the principal, before they were absolutely fixed for the debt.

I think the case was therefore rightly disposed of at the circuit, and a new trial should be denied.

JOHNSON, J. If the sheriff or his deputy had arrested Robert McArthur, the defendant in the execution, as the plaintiff alleges in his complaint, such arrest would clearly have exonerated the plaintiff as his bail; for the condition of her undertaking was that Robert should be amenable to the process of the court. In that view of the case the defendant's false return could in no wise render her liable, or prejudice her rights in any respect. She had the right to show, in the action against her upon the undertaking, that she had, in fact, been exonerated by the arrest. But the defendant took issue upon the allegation that he had in fact arrested Robert, and gave evidence tending to show that he did not in fact arrest him, though he was in a situation to have done it without difficulty. As the defendant denies and controverts the fact of the arrest, and as it appears that the plaintiff did not succeed upon that issue, in her defense to the action of Lent against her upon the undertaking, it can

McArthur *v.* Pease.

not be assumed that the arrest was made. But it does appear beyond all dispute or contradiction that it might and should have been made. The statute (2 *R. S.* 382, § 32,) makes it the duty of the sheriff, upon such an execution coming to his hands, to use all reasonable endeavors to execute the same, notwithstanding any directions he may receive from the plaintiff or his attorney. The statute very plainly, by the clearest implication, imposes this duty upon the sheriff for the benefit of the bail. If it is a duty which the sheriff owes the bail, in the exercise of his official functions, there is such a legal privity between them as will enable the bail to maintain an action for a neglect, as willful omission, to perform such duty, to the injury of the bail. In *Bradley* v. *Bishop*, (7 *Wend.* 352,) the court expressed the opinion that the bail might have a remedy against the sheriff, in such a case. It was held, however, in that case, that the bail could not set up the omission of the sheriff to perform his duty, in an action by the plaintiff in the judgment, without showing fraud or collusion on the part of the plaintiff. (*See also Bishop* v. *Earl*, 17 *Wend.* 316.) I am of the opinion, therefore, that, as the case stood, the verdict was properly ordered, and a new trial should be denied.

WELLES J. concurred.

New trial denied.

[MONROE GENERAL TERM, September 3, 1866. *Welles, E. Darwin Smith* and *Johnson*, Justices.]