[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 306 
The return of the execution against Rogers "not found" subjected the plaintiff, his bail, to an action upon his undertaking, and was conclusive upon him in that action. If the return was false, the plaintiff had a right of action against the sheriff for the damages sustained by reason of such false return. (Bradley v. Bishop, 7 Wend., 352; Kidder v. Parlin, 7 Greenl., 80; McArthur v. Pease, 46 Barb., 423.)
In case of a recovery on the undertaking, and payment thereof, the plaintiff was entitled to recover of the sheriff the amount so paid. The plaintiff, instead of submitting to a recovery against him on the bail-bond, and looking to the sheriff for his indemnity, had the right, if in his power, to surrender Rogers within twenty days after the commencement of the action on the undertaking; and such surrender, if consummated according to law, would have entitled him to an exoneretur, which would have constituted a perfect defence to the action on the undertaking. If, having this defence, the plaintiff had declined or omitted to avail himself of it, I think he would have been in fault, and he would not have been entitled to recover of the sheriff the amount of the judgment on the undertaking, but only the expense of obtaining the exoneretur.
The point made by the appellant, that the surrender proved in this case was sufficient to constitute a defence to the action *Page 308 
on the undertaking, is not, we think, tenable. The Code, section 188, prescribes the form of a surrender to be made before failure to comply with the undertaking, and is inapplicable to the present case. Section 191 provides that the bail may be exonerated by the surrender of the prisoner, to the sheriff of the county in which he was arrested, within twenty days after the commencement of an action against the bail, or within such further time as may be granted by the court, and that is the only section under which the plaintiff could have proceeded. That section does not, however, prescribe the form or manner of the surrender, or how the exoneration of the bail shall be attested, and the Code is silent as to the practice in such a case. According to section 469 of the Code, therefore, the former practice must be pursued. This is established by the provisions of 2 Revised Statutes, 380, sections 21, 22, which require an order for the commitment of the defendant to the custody of the sheriff, in exoneration of the bail. This order is the warrant which authorizes the sheriff to commit and detain the defendant until he shall be legally discharged. Upon the certificate of the sheriff that the defendant is in his custody, and on notice to the plaintiff in the action, if no good cause is shown to the contrary, the judge is authorized to make a further order exonerating the bail. Until these proceedings are duly filed, the liability of the bail continues. One condition always imposed by the order is that the costs of the action against the bail be paid. (20 How. Pr., 18; 12 Abb. Pr., 81, and note.)
The Code has not changed this practice, except by limiting the time within which the surrender may be made. It is clear, therefore, that in this case no surrender had been made which would have been available as a defence to the action on the undertaking.
It is claimed, however, that the plaintiff, having placed his principal, Rogers, in the custody of the sheriff, was bound to complete the proceedings for his own exoneration.
The only exception in the case, under which this question is sought to be raised, is to the refusal of the court to nonsuit *Page 309 
the plaintiff. This was not the proper form in which to raise the question. The failure of the plaintiff to complete proceedings for his exoneration, if available to the defendant for any purpose, could not wholly discharge the liability to the plaintiff which the defendant had incurred by his false return. It was matter occurring after that liability had been incurred and some damages had accrued. The plaintiff had already been subjected to the damage of being sued on his undertaking as bail; and, even if he had proceeded to obtain an exoneretur, he would, according to the well-established practice, have still been obliged to pay the costs, up to that time, of the action against him. If it should be held that the defendant could take any advantage of the failure of the plaintiff to procure his exoneration, it could extend no farther than the reduction of damages, and therefore was not a proper ground of nonsuit.
But a further answer to the claim is, that the defendant, by his own act, prevented the plaintiff from procuring his exoneration. Within the twenty days allowed by law to the bail to make the surrender, the sheriff voluntarily discharged the prisoner. This discharge was made under color of chapter 813 of the Laws of 1869, which enacts that the sheriff of the county of Kings shall not confine in the county jail any person arrested upon process in a civil action until the plaintiff, or person upon whose application said arrest is made, shall pay to said sheriff, for the use of the county, and to apply on the expense of the board of such prisoner, the sum of twenty-five dollars. This provision hardly justified the sheriff in setting Rogers at liberty, in default of the payment by the plaintiff of the twenty-five dollars, and then claiming that the plaintiff was in default in not relieving the sheriff from damages, by completing the surrender and obtaining an exoneretur.
It is very doubtful whether the provision is applicable to bail surrendering a principal. The payment is required to be made in case of an arrest on process issued in a civil action, and is to be made by the plaintiff in such action on *Page 310 
the person upon whose application such arrest is made. The most rational interpretation of the statute would seem to be that this refers to the person representing the plaintiff, in the matter of the arrest. Here Rogers was not arrested by the sheriff under any process. He was brought by his bail to the sheriff, without process of any description. The sheriff held him merely as agent for the bail. At this time the sheriff had, as is established by the verdict of the jury, been guilty of a false return to the execution, and thereby rendered himself liable to the plaintiff for all damages which he had sustained and might sustain in consequence of such false return. If he was desirous that these damages should be reduced, he should have co-operated with the plaintiff to that end. Instead of so doing, he obstructed him, and thereby precluded himself from objecting that the plaintiff had not done his part toward reducing those damages. Even if it should be held that in any case the bail is bound, after a false return, to surrender his principal for the purpose of relieving the sheriff from damages (a question which we do not now decide), we think that, under the circumstances of the present case, the failure of the plaintiff to complete the surrender and obtain an exoneretur is not available to the sheriff as a defence.
The judgment should be affirmed, with costs.
All concur.
Judgment affirmed.