ROBERT A. MILLS, Respondent, *v.* DAVID M. HILDRETH, Impleaded with HENRY STUBBEN, Appellant.

*Bail — surrender of principal — not allowed when bail is indemnified.*

When the bail has received an undertaking in his favor from the wife of the principal, he will not be released, on his application for leave to surrender his principal, unless it is shown affirmatively that the wife is irresponsible.

Appeal from an order denying the application of the defendant, as bail, for leave to surrender his principal. The bail was indemnified by the wife of Henry Rodewald, his principal, against any loss which might result from his becoming bail.

*A. J. Vanderpoel,* for the appellant.

*Thomas Bracken,* for the respondent.

Brady, J.:

The application of the defendant Hildreth to surrender his principal, Rodewald, and thus become exonerated from liability as bail was denied upon two grounds, one of which was that he was indemnified against loss. It is not necessary to refer to the other in the view that must be taken of this appeal. Justice Lawrence says: "In this case it appears that the bail has an undertaking from the wife of the principal, and while he states in his affidavit that he believes the same to be of no value or security whatever, the affidavit, on the part of the plaintiff, goes to show that the wife of the principal is of ample responsibility." It may be said, in addition, that the attorney and counsel for the plaintiff deposed that the wife of the principal, as he was informed and believed, owned estate and mineral lands in the west worth $60,000. When the bail are indemnified and leave to surrender must be granted as a favor, if at all, it should be denied. (*Bank of Geneva* v. *Reynolds,* 12 Abb. Pr., 81; and cases cited 1 Wait's Pr., 678.) In this case the rule should be applied, because the wife of the defendant, the principal, has indemnified the defendant, the bail, and the plaintiff has therefore the superior equities. It is true that it does not appear, affirmatively, that the wife is responsible, but it was the duty of

the defendant, the bail, to have shown, with reasonable certainty, the pecuniary inability of the wife to meet the obligation assumed when the indemnity was given. His case, in that respect, was weak, and its weakness was increased when the plaintiff's papers were used on the motion. It may be that if the fact suggested is presented on any future application in such a way as to justify the conclusion that the wife is irresponsible, the defendant, the bail, may be relieved, but it is clear that the disposition of the motion in the court below was correct, and the order made must therefore be affirmed, with ten dollars costs and the disbursements on this appeal.

Davis, P. J., and Daniels, J., concurred.

Order affirmed, with ten dollars costs and disbursements.