ANTHONY WALTER, Appellant, *v.* BENJAMIN P. MIDDLETON
et al., Respondents.

An execution against the body of R., issued to plaintiff, as sheriff, was
delivered by him to defendant, M., his deputy, who could have, but
omitted to arrest the execution debtor, and returned the process to
plaintiff with the statement that R. could not be found, whereupon
plaintiff made return of "not found." After the false return, but
before any action therefor had been brought, R. was surrendered by his
bail to, and taken into custody by, plaintiff; but before the bail had
taken the necessary steps to exonerate themselves from liability upon
their bond, plaintiff wrongfully discharged him, in consequence whereof
the bail were held liable for the judgment, and in turn recovered of-
plaintiff. In an action against M. and the sureties, upon his bond,
*held,* that it was no defence that plaintiff's under sheriff had knowledge
that the return was false ; that the knowledge of the under sheriff was
not imputable to the sheriff as between him and his deputy; but that
the fault of the deputy having been remedied by the surrender, and the
damages sustained by plaintiff having been occasioned by his own
subsequent wrongful act in discharging R., he could not recover such
damages of defendants.

(Argued January 31, 1877 ; decided March 20, 1877.)

APPEAL from judgment of the General Term of the City
Court of Brooklyn, affirming a judgment in favor of defend-
ants entered upon a verdict.

This action was brought by plaintiff, late sheriff of the
county of Kings, upon a bond given by defendant Middleton,
for the faithful discharge of his duties as plaintiff's deputy
sheriff. Plaintiff claimed to recover damages alleged to have
been sustained by him by reason of the neglect of Middleton
to arrest one Rogers upon a body execution.

It appeared that in an action by one Gibson against said
Rogers an order of arrest was issued and Rogers was held to
bail. Judgment having been perfected against Rogers, an
execution thereon against his body was issued to plaintiff, who
delivered it to Middleton for execution. Middleton was well
acquainted with, and it was conceded that he might and could,
but did not, arrest Rogers while the execution was in his hands.
He returned the execution to plaintiff with the statement that

Rogers could not be found. Whereupon plaintiff made return thereto of "not found." Gibson brought an action upon the bail bond given by Rogers. Previous to the commencement thereof Cozine, the bail, had delivered Rogers to plaintiff and received a certificate of surrender, but plaintiff in a day or two thereafter, upon refusal of Cozine to pay twenty-five dollars for the board of Rogers, discharged the latter from custody. Judgment was recovered against Cozine, who thereupon brought an action against plaintiff herein, alleging the falsity of the return and the wrongful discharge of Rogers, and recovered judgment for the amount paid by him. It also appeared that plaintiff's under sheriff knew of the whereabouts of Rogers; that he urged Middleton to make the arrest, and cautioned him that by not doing so he might subject plaintiff to liability. In the undertaking given by Rogers upon his arrest his residence was stated.

The court directed a verdict for the defendants upon the ground "that it appearing that the under sheriff, who for this purpose represents the sheriff, knew Rogers' whereabouts, that the sheriff having known that, was not excused in making a false return, even assuming that Middleton was negligent in his duties * * * and having made a return which he knew was untrue, cannot hold the sureties and the deputy."

Further facts appear in the opinion.

*Frank Crooke* for the appellant. The admissions of respondents' counsel that the under sheriff could, but omitted to and did not, arrest Rogers while the process was in his hands established his negligence. (*Stevens* v. *Boyce*, 9 J. R., 292; *Andrus* v. *Wareing*, 20 id., 153; *Willett* v. *Stewart*, 43 Barb., 98.) The court erred in holding that the under sheriff represented the sheriff. (*Tillotson* v. *Cook*, 2 J. R., 73, 74; *Paddock* v. *Cameron*, 8 Cow., 212; *Tuttle* v. *Cook*, 15 Wend., 274; *Sherman* v. *Conner*, 16 Abb. [N. S.], 396.) The court erred in not submitting to the jury the question whether the sheriff knew the return was false. (*Thomas* v. *Hubbell*, 35 N. Y., 120, 123.)

*James Troy* for the respondents. The damages sustained by the plaintiff having been caused by his own wrongful act he cannot recover such damages of defendants. (*Cozine* v. *Walter*, 55 N. Y., 310.)

RAPALLO, J. It is difficult to sustain the judgment in this case on the ground upon which the verdict appears to have been directed. The evidence shows that Middleton, the deputy, was well acquainted with Rogers, the execution debtor, and could have found him, and it was admitted on the trial that Middleton might and could, but omitted to and did not, arrest Rogers while the process was in his hands. His returning the process and omitting to arrest Rogers was a clear breach of duty which rendered him and his sureties liable to the sheriff for any damages sustained by him in consequence thereof. The fact that the under sheriff, as well as Middleton, knew Rogers' whereabouts was no excuse to Middleton. On the contrary, the case shows that the under sheriff urged Middleton to make the arrest, and cautioned him that he might subject the sheriff to liability by not doing so. The evidence fails to show that the sheriff personally connived at the failure to arrest Rogers, or knew that he could be arrested. The fact that the place of residence of Rogers was stated in the undertaking in the sheriff's possession does not establish that he knew that the return that Rogers could not be found was false, nor was the knowledge of the under-sheriff, in that respect, imputable to the sheriff, as between the sheriff and his deputy. The deputy knew that it was his duty to the sheriff to execute the process if he could, and if not to make a true return. He cannot set up in defence of a violation of that duty that the under sheriff knew that the return was false. Even if the under sheriff had combined with the deputy to make a false return, such action of the under sheriff would not have excused the deputy, but would have rendered both of them liable to the sheriff. It was the duty of both to protect the sheriff from liability, and as between him and them, neither could set up the wrongful act

of the other to which he was a party. The evidence, however, is that the under sheriff urged Middleton to search for the execution debtor and cautioned him against rendering the sheriff liable.

But there is another ground upon which we think that the direction to find a verdict for the defendants should be sustained. It fully appears in the case that after the false return had been made, and before any action therefor had been brought, Rogers, the execution debtor, was surrendered by his bail to the sheriff, who took him into custody, but before the bail had taken the necessary steps to exonerate themselves from liability on their bond, wrongfully discharged him and prevented the bail from obtaining an *exoneretur*. (See *Cozine* v. *Walter*, 55 N. Y., 304.) But for this wrongful act of the sheriff, the bail would not have been compelled to pay the judgment of Gibson against Rogers, and they might never have brought the action against the sheriff, the judgment wherein is the foundation of the present action. The fault of the deputy in not making the arrest having been remedied by the surrender, and the damages sustained by the sheriff having been occasioned by his own subsequent wrongful act in discharging his prisoner, he should not be permitted to fall back upon the original fault of the deputy for the purpose of rendering him and his sureties liable for those damages.

The judgment should be affirmed.

All concur.

Judgment affirmed.