## JOHN KOCH v. WALTER H. COOTS, SHERIFF.

*Bail.*

Sureties on a bail bond are presumed, for their own benefit, to have the custody of their principal; and they may surrender him to exonerate themselves.

In an action by special bail against the sheriff for having falsely returned to an execution that the defendant could not be found in his county, it cannot be said as matter of law that the sheriff's neglect to inquire of the plaintiff in the execution as to the defendant's whereabouts, tended to show negligence.

Error to the Superior Court of Detroit. Submitted January 21. Decided February 11.

TRESPASS ON THE CASE. Plaintiff brings error.

*Otto Kirchner* for plaintiff in error. A sheriff's liability for falsely returning a *fieri facias* may depend on his knowledge of facts which should cause him to try to find property, *Bell v. Com.* 1 J. J. Marsh. 553; it is negligence *per se* if a notary fails to ask the holder of a dishonored bill the indorser's address, *Harris v. Robinson*

4 How. 345; a sheriff could inquire of the bail for the address of his principal, Petersdorff on Bail, p. 405.

*Maybury & Conely* for defendant in error.

GRAVES, J.   The plaintiff in error and George Kopp undertook as special bail for the appearance of one Bettinger in a suit against him by Ernest Lichfelt.   The latter having recovered in the action, took steps to fix the bail.  An execution against the body was sued out and placed in the hands of Coots, the sheriff, for service, and he made return in substance that the defendant Bettinger could not be found within his county.  *Lichfelt v. Kopp* 38 Mich. 312.   Lichfelt then sued the plaintiff in error on his undertaking as bail, and collected of him the condemnation money and costs.

This action was thereafter brought against the sheriff, charging him with having returned falsely to the execution against Bettinger, and the jury found in the sheriff's favor.

One ruling is complained of.   The proceedings were in Detroit, and the plaintiff adduced evidence that Bettinger resided there, and had for more than five years, and had not been absent from the county; that he, the plaintiff, resided in the city, but defendant made no inquiry of him for the purpose of finding Bettinger.   The defendant gave evidence that he inquired of Kopp, the other special bail, who informed him that Bettinger was in Macomb county; that he received the same information at the latter's boarding place, and was also told by one of the attorneys at whose instance the execution was issued, that Bettinger was in Macomb county and could not be found in the county of Wayne.

The judge charged the jury that it was the sheriff's duty to arrest Bettinger if he could find him; that he was bound to use ordinary, reasonable care and due diligence to find him; that it was a question for them whether he did exercise such care in making inquiries as

a man of fair, reasonable judgment in such office should make; that if they were satisfied he did not, it would be their duty to find for the plaintiff, but if they were satisfied he did make such inquiries, then it would be their duty to find for the defendant; that he, had no right to sit in the office and make inquiries there alone; he ought to ask proper persons; and that it was for the jury to say whether he made inquiries of proper persons or not.

It subsequently became a question with the jury whether it was the sheriff's duty to inquire of the plaintiff, and the failure to do which would cause liability, and the judge gave them to understand that it was their province to find, under the circumstances, to what extent and of whom the sheriff was bound to inquire, to discharge his duty as already defined.

The plaintiff's counsel then requested him to instruct the jury that the sheriff's failure to inquire of the plaintiff tended to show negligence on his part, and the judge refused, and this ruling presents the question in the case.

The first reflection which occurs on reading the record is that there is a want of facts to show that the plaintiff was accessible to the sheriff in order to be inquired of, or that inquiry of him might have led to the arrest of Bettinger. There is nothing to make out that any better information would have been obtained from the plaintiff than was received from his associate in the recognizance, or that the failure to inquire of him was to his detriment. Waiving this consideration however, was it error in the court to refuse to lay it down as matter of law that it was the sheriff's duty to inquire of the plaintiff as to where his principal was or could be found?

It will be observed that the action is not by the original plaintiff against the sheriff for falsely returning his inability to bring in the body of the original defendant. But it is an action by the bail against the sheriff, or in

other words, an action by the defendant's keepers who bound themselves for his surrender. For the benefit of the bail the law supposes the principal to be in their custody, and they have the right to surrender him for the purpose of exonerating themselves. *Parker v. Bidwell* 3 Conn. 84; *Nicolls v. Ingersoll* 7 Johns. 145.

Formerly no attempt was ever made by the sheriff to find out the principal in order to arrest him on the *ca. sa.*; but it was left at the sheriff's office merely that the bail might understand that the plaintiff intended to proceed against the defendant's person, and it was the duty of bail to search in the sheriff's office to know whether any *ca. sa.* had been left there. *Hunt v. Coxe* 3 Burr. 1360; 2 Saunders, 68, 71, note to *Underhill v. Devereux*. The sheriff's return of not found was held to be good, though the plaintiff knew where to find the defendant. Tidd 1098, citing *Sillitoe v. Wallace and another, bail of Cawthorne*, Ms. And it was held to be good, also, where the defendant was abiding in the county, ready and willing to render his body, and did not avoid the execution. *Winchel v. Stiles* 15 Mass. 230.

But assuming that a legal duty to the bail is cast upon the sheriff to exercise some diligence to effect the arrest of the party for whose surrender they have become bound, and who for their advantage is supposed to be in their keeping (*Bradley & Bissell v. Bishop* 7 Wend. 352; *Cozine v. Walter* 55 N. Y. 304), and still I think it cannot be carried further than the charge carried it, and that the judge would not have been warranted in compelling the jury to find that the failure to inquire of the plaintiff was a breach of duty to the latter, and evidence on which to find the return to the execution false. If there was any error it was not against the plaintiff.

The judgment should be affirmed with costs.

The other Justices concurred.