ing of the court in the last two cases cited, this consent would be good in the hands of a corporation to be organized, and ought not to be held void in the course of its transmission to such corporation. If the consent is not void, there is no claim that the bond is void.

I think it is competent for the parties to agree beforehand upon a certain sum as liquidated damages, and I do not think that this is a case for interference by the court in that regard.

---

(55 Misc. Rep. 574.)

HOMANS v. NEW YORK LIFE INS. CO.

(Supreme Court, Special Term, New York County.  August. 1907.)

EXECUTORS AND ADMINISTRATORS—ADMINISTRATOR DE BONIS NON—COLLECTION OF ASSETS—RIGHT OF ACTION.

Though the personal estate of an intestate, living in France at the time of his death, under the laws of France devolved on his heirs at law, to the exclusion of all others, an administrator de bonis non appointed by the Surrogate's Court of the county of New York may, under Code Civ. Proc. §§ 2476, 2478, sue in New York for services performed by the intestate in Paris under a contract with defendant, a domestic corporation; so that an answer pleading the foreign law, and alleging that the heirs at law of the intestate were alone authorized to sue with respect to the personal estate, is demurrable.

Action by one Homans, as administrator, against the New York Life Insurance Company.  Demurrer to answer sustained.

Sanford Robinson and Guy F. Cary, for plaintiff.
James H. McIntosh, and John K. Clark, for defendants.

BISCHOFF, J.  Action for services alleged to have been performed by the plaintiff's intestate under a contract of employment with the defendant. Defense that pursuant to the laws of the republic of France, where the intestate was domiciled at the time of his death, all his personal estate was devolved upon his heirs at law to the exclusion of all others. Demurrer to the defense for insufficiency in substance. Alleging the plaintiff's ante litem appointment as administrator de bonis non of Harry S. Homans, deceased, by the Surrogate's Court of the county of New York, his qualification for and acceptance of that office, and the issuance of letters of administration de bonis non to him, the complaint proceeds upon a cause of action for services alleged to have been performed by the intestate under a contract with the defendant, a domestic corporation. Among the defenses thereto the answer avers that the intestate was at the time of his death domiciled in the city of Paris, republic of France, and that it was and is the law of that sovereignty that immediately upon the demise of an intestate his heirs at law shall succeed to all of his personal estate to the exclusion of all other persons, and that they alone shall be authorized to maintain actions at law or in equity with respect thereto. The plaintiff demurs to this defense for insufficiency in substance.

Counsel have argued the demurrer as if it presented a question of the plaintiff's legal capacity to sue; but as I view the pleadings there

is no such question involved. That the plaintiff was appointed administrator as alleged, that he has accepted the office and qualified therefor, and that letters of administration de bonis non were duly issued to him, is not disputed, and the matter pleaded raises no question as to the validity of the appointment. The plaintiff's capacity to sue is, therefore, obvious. Dicey, Part. (2d Am. Ed.) c. 10, rule 41, marg. p. 205. That he may not be the real party in interest, or that the admitted facts may not authorize a recovery, does not detract from his capacity to sue. Pomeroy, Code Rem. (3d Ed.) § 711. "Incapacity to sue exists where there is some legal disability, such as infancy or lunacy, or a want of title in the plaintiff to the character in which he sues. The plaintiff was duly appointed receiver and has a legal capacity to sue as such, and hence could bring the defendants into court by the service of a summons upon them even if he had no cause of action against them. * * * Incapacity to sue is not the same as insufficiency of facts to sue upon. * * * We think that the plaintiff had capacity to sue, but that his complaint stated no cause of action of which the County Court had jurisdiction." Ward v. Petrie, 157 N. Y. 301, 51 N. E. 1002, 68 Am. St. Rep. 790. The defense, properly viewed, raises a question as to whether the plaintiff is the real party in interest concerning the subject-matter of the action, the argument being aimed to invoke the rule "mobilia sequuntur personam," which obtains in the matter of regulating the succession to personal property (Brown, Leg. Max. [7th Ed.] 387; Story, Confl. Laws [8th Ed.], § 512; Vroom v. Van Horne, 10 Paige, 549, 42 Am. Dec. 94; Parsons v. Lyman, 20 N. Y. 103; Code Civ. Proc. § 2694); and the defendant's contention is that, because ·the French law has disposed of the plaintiff's intestate's personal estate to the latter's heirs at law to the exclusion of all other persons, the plaintiff, as the administrator, can, as a necessary corollary, have no interest in the cause of action sued upon. "But," say the court in Parsons v. Lyman, supra, "the right which an individual may claim to personal property in one country under title from a person domiciled in another can only be asserted by the legal instrumentalities which the institutions of the country where the claim is made have provided. The foreign law furnishes the rule of decision as to the validity of the title to the thing claimed; but in respect to the legal assertion of that title it has no extraterritorial force. As a result of this doctrine it is now generally held everywhere, and it is well settled in this state, that an executor or administrator appointed in another state has not as such any authority beyond the sovereignty by virtue of whose laws he was appointed."

This would seem to dispose of any question of the plaintiff's interest in the subject-matter of the action. The question of interest is tested not by any beneficial right which a person may have to the proceeds of a recovery, but by his possession of the legal title to the cause of action (Eaton v. Alger, 47 N. Y. 345; Sheridan v. New York, 68 N. Y. 30); and it is the irrefragable law of this state that the administrator, when appointed, succeeds to the legal title of his intestate's personal estate of whatever kind, and that he only is authorized to employ all lawful means to reduce it to his possession.

With regard to a debt due from a resident or from a domestic corporation to a nonresident decedent, it is, indeed, expressly provided (Code Civ. Proc. §§ 2476, 2478) that the debt shall be deemed personal property to be administered upon within this state. True, the administrator is bound eventually to account for and to distribute the surplus assets to those ultimately entitled thereto under the foreign law; but any right to such surplus is subordinate to the administrator's legal title, with which he is invested for the purposes of administration. There can be no tenable distinction in principle between a case where the foreign law disposes of the personal estate of an intestate to an intermediary of its own selection, to be by him distributed to those declared to be ultimately entitled thereto, and one where the devolution is directly upon those declared to be entitled to final possession and enjoyment. In either case those upon whom the property was devolved by the foreign law must abide for the means of reducing it to possession by the provisions of the forum where the right to possession is asserted and sought to be enforced. Berney v. Drexel, 33 Hun, 34, reaffirmed upon reargument Id. 419, is not to the contrary. The question there discussed and determined related rather to adjective than substantive law; to the manner of pleading the foreign law, not to its legal effect here; and if it be urged that the decision tacitly recognized the right of the heirs at law to maintain an action to recover the decedent's personal estate the answer must be that such cannot be assumed to have been the court's intention in view of the adjudged cases to the contrary. Hyde v. Stone, 7 Wend. 354, 22 Am. Dec. 582; Woodin v. Bagley, 13 Wend. 453; Beecher v. Crouse, 19 Wend. 306; Jenkins v. Freyer, 4 Paige, 47. It may be the defendant's misfortune, having and maintaining assets in France, that it is also exposed to liability and compulsory payment there at the suit of the heirs at law upon the same claim; but the refusal of that country to take cognizance of our methods of enforcing the rights of its citizens and others under its laws cannot and should not avail for the abandonment of our laws, made for the protection of our citizens and others who may appeal to our courts, creditors of the intestate, ascertainable only in due course of administration, and whose right it is to ask of our courts to effectuate the purposes for which our laws were made and enacted, nor does any rule of comity require it. Black v. Zacharie, 44 U. S. 483, 11 L. Ed. 690; Pemberton v. Klein, 43 N. J. Eq. 98, 10 Atl. 1087; State Bank of New Brunswick v. First Nat. Bank of Plainfield, 34 N. J. Eq. 450; 22 Cyc. 1732; Hilton v. Guyott, 159 U. S. 113, 16 Sup. Ct. 139, 40 L. Ed. 95. See, also, cases collated in note to Winslow v. Fletcher, 55 Am. Rep. 129, on "Extraterritorial Transfers of Personal Property in Invitum."

Demurrer sustained, with costs. Decision and interlocutory judgment to be settled on notice, unless agreed to in writing.

Ordered accordingly.