THOMAS *against* BULKLEY, Manucaptor of COFFIELD.

THE bail in this case having become fixed by a return of the *ca. sa.* in the original cause, of *Thomas* v. *Coffield,* a *capias ad respondendum* was issued to the sheriff of the city and county of New York, against the bail, and served, returnable the 4th day of August last. On the 15th of August, the bail received a letter from his principal, dated and bearing its post mark at Edenton, North Carolina, the 8th of August, (in reply to letters written by the bail on the 10th and 25th of July preceding, requesting him to surrender himself,) stating that he had been so ill with a fever, that he could not before peruse, or answer the letters from the bail. On the 16th of August, the bail procured an order staying all proceedings in the suit against him, for the purpose of moving this Court for further time to surrender. After this, the principal started for the city of

Bail may surrender their principal, and obtain an *exoneretur,* on motion, after the eight days allowed, *ex gratia,* for surrender, if the surrender within that time was prevented by the sickness of the principal; and this, though no order to stay proceedings, or rule for enlarging the time to surrender, was obtained within the eight days, th

sickness of the principal not being known to the bail within that time.

New York; but on his way suffered a relapse; and did not reach the city till the 13th of October, when, (as soon as his health would permit, October 19th, 1825,) he surrendered himself to the sheriff of New York, in exoneration of his bail.

*E. Cowen*, for the motion, cited *Boardman* v. *Fowler*, (1 John. Cas. 413;) *Livingston* v. *Bartles*, (4 John. Rep. 478,) and *Rathbone* v. *Warren*, (id. 310.)

*A. Van Vechten*, contra, said that sickness could not be received as an excuse for not surrendering the principal; and will not be listened to, even where the application is made before the expiration of the eight days. (*Wynn* v. *Petty*, 4 East, 102. *Grant* v. *Fagan*, id. 189. *Olcott* v *Lilly*, 4 John. Rep. 407.)

*Curia.* We should, clearly, have enlarged the time to surrender this sick man, had his sickness been known to the bail, and disclosed to us within the eight days allowed, *ex gratia*, for surrender, after the return day of the capias against the bail; and the case would then have finally come to an *exoneretur*. The facts not being known to the bail within that time, he could neither obtain an order to stay proceedings, nor apply to the Court to give the further time. He has, therefore, been guilty of no laches; and by ordering an *exoneretur*, we are only doing directly what would, had not unavoidable circumstances intervened, ultimately have been obtained in another way. We think the bail should not be prejudiced by the sickness of his principal; especially as the plaintiff will not suffer by his discharge, which must be granted on payment of costs. There is no case in this Court, precisely in point; but we think the principle of *Boardman* v. *Fowler*, (1 John. Cas. 413,) applies. Let an *exoneretur* be entered, on payment of the costs of the action against the bail, and of opposing this motion.

Rule accordingly.