No such point was taken by the plaintiff upon the argument of the appeal.

The plaintiff might dispose of his credit. That is nothing more than a reputable name or character, and its influence.

The injunction should have been refused, and the complaint dismissed.

The judgment of the special term should be reversed, &c.

## BAKER a. CURTIS.

*Supreme Court, First District; Special Term, March, 1860.*

BAIL.—SURRENDER.—EXONERETUR.

After the twenty days limited by section 191 of the Code has expired, the bail cannot properly surrender his principal, nor if he does can the sheriff hold him. Of the cases in which the time may be extended, or an omission to surrender within the time may be excused.

This was an action against defendants as bail, commenced on the 12th day of November, 1855. Defendant Curtis answered on the merits, but omitted to apply for any extension of time in which to surrender his principal, Vandoler, until after the twenty days allowed for that purpose by section 191 of the Code had expired.

On the 7th day of January, 1860, he surrendered his principal to the sheriff, and on such surrender moved to be exonerated as bail, on payment of the costs of the suit.

He also showed diligence in arresting his principal, whom he had brought all the way from St. Louis to New York, and of whom he had been in constant pursuit since the suit was begun.

Before the return-day of the motion, defendant Vandoler sued out a writ of *habeas corpus,* and demanded his discharge, on the ground that the sheriff had no right to hold him, and his bail no right to surrender him after the twenty days had expired, unless the time had been extended by order of the court, made before the twenty days had run out.

Both motions were argued together before Judge Sutherland, who, after a thorough examination of the question, and a consultation with his brethren of the First District, held, that the prisoner was entitled to his discharge on the ground claimed, and that therefore, as there had been no valid surrender, the motion for exoneration must be denied.

Defendant Curtis then moved, at special term, before W. F. Allen, J., for leave to make a surrender of his principal, although the time had expired, and on such surrender to be exonerated.

*William W. Badger,* for plaintiff.

*A. J. Vanderpoel,* for sheriff and bail.

*John Cook,* for the prisoner.

ALLEN, J.—The defendant Curtis became absolutely fixed as the bail of Vandoler by the failure of the latter to comply with the undertaking given on his arrest, and the omission of the bail to surrender his principal within twenty days after the commencement of the action against him. (*Code,* §§ 187, 191.) The time for the surrender of the principal might, upon good cause shown, have been extended by the court at any time during the twenty days allowed *ex gratia* for the surrender; and probably after the lapse of that time a surrender might be permitted upon a clear case being made, which would have entitled the bail to an enlargement of the time, a proper excuse being made for not applying within the proper time. (Thomas *a.* Bulkley, 5 *Cow.,* 25 ; Gilbert *a.* Bulkley, 1 *Duer,* 668.) Sickness of principal or bail would be a good reason for enlarging the time. (Thomas *a.* Bulkley, 5 *Cow.,* 25 ; Boardman *a.* Hunt, 1 *Johns. Cas.,* 413.) The sickness would be a circumstance beyond the control of the bail. A mistake of law or fact on the part of the principal would not necessarily excuse the delay—

*e. g.*, a mistake in the return-day of the *capias* in the action against the bail, and by which the time for the surrender was limited. (Rathbone *a.* Warren, 4 *Johns.*, 310.) In Seaman *a.* Drake (1 *Caines*, 9), the bail were absolutely entitled to an exoneration at the time they became fixed, and the legal right was not lost by their delay.

In this case the affidavit of the bail is unsatisfactory. It does not give a single date, or state what means the bail took at any time to ascertain where his principal was, and to effect his surrender. The statements, without date or time are very general, and the defendant contents himself with stating generally that he used the utmost exertions to effect the surrender. He should have stated what he did, and when he did it, and the court would then decide whether he did all that he was called upon to do. So far from excusing the delay, he shows absolute laches, and a voluntary sufferance to the defendant in the principal action to go without the State. After the judgment in the original action, and probably after the receipt of the letter from the plaintiffs' attorney, stating that he would be held to his liability as bail, he went to Rochester and had an interview with the principal, and did not arrest him, but took him prisoner to surrender himself. This he did upon his own responsibility, and at his peril, and by it took his chances for effecting the surrender before he should become fixed *de jure.* (Olcott *a.* Lilly, 4 *Johns.*, 407.) The case looks as if the bail and principal might have acted in concert, and after the defendant in the original action had been at large until his interests were secure, and he was ready to take up his residence in New York, they for the first time set about yielding to the claims of the plaintiff. But be this as it may, the delay is not excused, and motion must be denied, with costs.