J. HOLBROOK CUSHMAN, Appellant, *v.* RACHAEL A. BRUNDRETT et al., Respondents.

Upon appeal from an order which may have been matter of discretion the appellant must show that it was made upon a ground that did not authorize the court to exercise any discretion; otherwise the appeal will be dismissed.

The time to appeal in cases coming under the fourth subdivision of section 11 of the Code is not limited. (PECKHAM, J.)

(Argued November 12, 1872; decided November 19, 1872.)

MOTION to dismiss appeal from order of the General Term of the Supreme Court in the first judicial department, affirming an order of Special Term setting aside an inquest. The facts and grounds of motion appear in the opinion.

*William Watson* for the appellant.

*R. W. Townsend* for the respondents.

PECKHAM, J.   Motion to dismiss appeal on the ground that the order involved discretion, also that it was not taken in time.   The plaintiff took an inquest in May, 1870.   This was set aside by an order at Special Term in first district, Supreme Court, with ten dollars, costs to abide event.   The motion was made for irregularity and on the merits.   The plaintiff appealed from that order to the General Term of that department.   That appeal was decided against him, and after the expiration of more than sixty days from receiving written notice of that last order he appeals to this court.   The defendants now move to dismiss the appeal to this court, insisting that that order was not appealable.   It is clear that if the order setting aside the inquest was granted upon the merits, then, as it involved the exercise of a discretion, it was not appealable.   There is nothing in the papers showing the ground upon which it was made.'

If it were granted for irregularity, as the motion was confessedly made in time, it surely should have been granted with costs.   This is substantially a universal rule as to irregularity.

If it were granted upon the merits, the rule is almost as universal (not quite) that it should have been upon payment of costs.

This order does neither.   It neither grants costs against plaintiff as for an irregularity nor requires their payment to him as for a favor if upon the merits.

The *onus* is upon the appellant to show that the order was made upon a ground that did not authorize that court to exercise any discretion in its decision.   Otherwise the appeal should be dismissed.

It is impossible to make a reasonable guess as to the ground upon which this order setting aside the inquest was made.   So far as the case shows, it may have been granted upon either, and this court cannot be called upon to speculate as to which was the real ground.   As it may, therefore, have been granted upon the merits, this appeal must be dismissed with costs.   (Code, § 11, sub. 4.)

It is not necessary to decide the other point. But I find no provision in the Code, and we have been referred to none, limiting the time to appeal in cases of appeals under the fortieth subdivision of section 11. Section 331 does not embrace them.

The appeal must be dismissed, with costs.

All concur.

Appeal dismissed.