If the order appealed from was within the power of the court, its discretion in exercising that power is not reviewable by us. By section 201 of the Code of Procedure, it is enacted that, after the arrest of a defendant, if bail be not given, or justified, the sheriff shall himself be liable as bail. It is insisted on the part of the appellant that, by the true construction of this section, the sheriff is made liable as bail, and becomes, thereby, absolutely liable, and is not entitled to discharge the liability, in the various modes allowed to bail. We do not consider this the proper construction of the provision, whether the language or the reason and sense of the statute are regarded. By the language, the sheriff is to be liable as bail. To the question how is bail liable, it must be answered, upon certain terms and conditions, and subject to certain methods of discharge from liability. All these go to make up the answer to the question how bail is liable, and, of course, the liability of any one, who is placed in the position of bail, is subject to the same qualifications. The reason of the thing leads to the same conclusion. The misconduct or failure on the part of the sheriff, is, that bail has not been put in, or has failed to justify. To impose upon him the same liability which bail would have borne, is exactly consonant to justice.
This reasoning receives no qualification or diminution of cogency, from the fact that the statute gives the sheriff a still further opportunity to put in bail in his own exoneration. If he does not do that, his liability still remains only that of bail, and subject to all the qualifications that attach to that sort of liability. The cases sustain these positions. (Buckman v.Carnley, 9 How Pr., 180; Sartos v. Marceques, id., 188;Seaver v. Genner, 10 Abb. Pr., 256; which were cited with approbation in Metcalf v. Stryker, 31 N.Y., 255; and inBensel v. Lynch, 44 id., 162.) The case of McKenzie v.Smith (48 N.Y., 143), does not conflict with the position stated. In that case the decision turned upon the question whether the sheriff did not incur a peculiar liability as bail, in case of an arrest, under the third sub *Page 313 
division of section 179. It was held that his liability in that class of cases was commensurate with that imposed by an undertaking under section 211, and that this liability could not be discharged by the surrender of the defendant. Nothing said or decided in Cozine v. Walter (55 N.Y., 304), conflicts with the construction we have put upon the section in question.
Under section 191, one of the privileges of bail is to exonerate himself from liability by the surrender of the defendant to actual custody, within twenty days after suit brought, or within such further time as may be granted by the court. In this case, the order of the court was made after the expiration of the twenty days. It has, however, been decided, that this is within the power of the court, upon a proper excuse being shown. (Baker v. Curtis, 10 Abb. Pr., 279; Gilbert v.Buckley, 1 Duer, 668.) The power of the court existing, the sufficiency of the excuse is in the discretion of the court to whom the motion was directed. It cannot be re-examined here.
The appeal should be dismissed, with costs.
All concur.
Appeal dismissed.