ALBERT COLE, Respondent, *v.* ROBERT MALCOLM, Impleaded, etc., Appellant.

The doctrine of subrogation applies where a party is compelled to pay the debt of a third person to protect his own rights or to save his own property.

C., being indebted to plaintiff, conveyed certain lands through a third person, without consideration, to his wife, who died intestate. Plaintiff thereafter recovered judgment against C., and, after return of execution thereon unsatisfied, commenced an action against C. and the heirs of his wife to set aside the conveyance as fraudulent against creditors, and obtained a judgment setting it aside as to plaintiff, declaring his judgment a valid lien thereon, and appointing a receiver to sell, etc. The receiver advertised the land for sale. Defendant M., one of the heirs, and who had succeeded by purchase to the rights of nearly all the others, tendered the amount due on plaintiff's judgments, and demanded an assignment thereof, which was refused. M. thereupon made a motion to compel an assignment upon payment, and that he be subrogated to the rights of the owner of the judgments, which was denied. *Held*, error; that the title of the heirs was good as against C., and upon payment of the judgments, which were his debts, to save their lands, they were entitled to subrogation as against him.

Also, *held* (ALLEN and FOLGER, JJ., dissenting), that the point that it was discretionary with the Supreme Court whether to entertain the motion or to turn M. over to an action not having been taken by respondent, and the motion having been disposed of below upon the merits, and not upon the ground that an action should have been commenced, the point would not be considered here.

(Argued May 30, 1876; decided June 6, 1876.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department affirming an order denying a motion on the part of defendant Malcolm to compel an assignment to him, by Hiram K. Miller, plaintiff's assignee, of certain judgments herein.

The facts are sufficiently stated in the opinion.

*John R. Dos Passos* for the appellant. The conveyance from Crawford to his wife, while fraudulent as to creditors, was perfectly good *inter partes*. (*Jackson* v. *Guernsey*, 16

J. R., 189; *Osborn* v. *Moser*, id., 187; *Hall* v. *Stryker*, 9 Abb. Pr., 342; 29 Barb., 105; Bump on Fraudulent Convey ances, 442, 450, 451, notes 571, *et seq.*; *Feagan* v. *Cureton*, 19 Geo., 404.) The doctrine of subrogation is applicable to this case. (Bouv. Dict., title " Subrogation," Bin. R., 382; *Cottrell's Appeal*, 23 Penn., 295; Civil Code of Louisiana, arts. 2155–2158; *Sec. Ins. Co.* v. *Shultz*, 7 Alb. L. J., 109; *Johnson* v. *Zink*, 51 N. Y., 333.)

*Hamilton Odell* for the respondent. Defendant's claim to be subrogated has nothing to support it. (*Sanford* v. *McLean*, 3 Paige, 122; *Wilkes* v. *Harper*, 1 N. Y., 586; *Ellsworth* v. *Lockwood*, 42 id., 89; *Patterson* v. *Birdsall*, 6 Hun, 637.)

EARL, J. Prior to December, 1869, John Crawford was indebted to the plaintiff in the sum of $4,000 and upwards, and at the same time he owned certain land in this State. He conveyed the land, through a third party, to his wife, without any consideration, for the purpose of vesting the title thereto in her. In 1870 she died intestate, leaving no children, and the land passed to her heirs, of whom Robert Malcolm, the appellant, was one; and he has since, by pur chase, succeeded to the rights of nearly all the others. After her death the plaintiff commenced an action against Crawford, and recovered judgment for the amount of the debt due him, and issued execution thereon and had the same returned unsatisfied. He then commenced an action against Crawford and the heirs of his wife to set aside the conveyance of the land as a fraud upon his creditors, and obtained a judgment setting aside the conveyance as to the plaintiff, declaring that plaintiff's judgment was a valid lien and charge upon the land, and appointing a receiver to sell the same for the pur pose of paying plaintiff's judgment and the costs of the action. That judgment was affirmed at General Term, and, upon further appeal, by the Commission of Appeals. Some time after the final affirmance, the receiver advertised the land for sale in pursuance of the judgment. Before the day

of sale, Malcolm tendered to Hiram K. Miller, to whom plain-tiff had assigned his judgments, the amount due upon them, and demanded an assignment thereof to him. Miller refused to make the assignment, and then Malcolm obtained an order staying the sale, and made a motion to compel an assignment of the judgments to him, upon payment thereof, and that he be subrogated to the rights of Miller in the judgments. The motion was denied, and the order, having been affirmed at General Term, is now before us for consideration upon Mal-colm's further appeal.

Malcolm claims that the equitable principle of subrogation applies to this case, and that he has the right, upon payment of the judgments, to have them assigned to him that he may enforce them against Crawford, the judgment debtor; and whether or not this claim is well founded is the sole question for our consideration.

Crawford's conveyance to his wife was valid and effectual as between them. It divested him of the title to the land, and vested it in her. As against him her title to the land was just as good as if she had paid full value. He had no claim as against her that the land should in any way be subjected to the payment of his debts. She was under no obligation to pay his debts, and as to him she did not take the land subject to his debts. If he had paid his debt to the plaintiff, or if he had had sufficient other tangible property to satisfy that debt, this land could not have been in any form charged with its payment. It was in this condition that the land passed to her heirs.

The conveyance was set aside, not for any fraud on her part, and not for any actual fraud on his part, but simply because it deprived his creditor of the means of collecting his debt. That debt has now been charged upon this land, which, as against him, has become absolutely vested in his wife's heirs; and their land, land but for his creditors abso-lutely theirs, is liable to be sold to pay the debt. Under such circumstances, upon the payment of the judgments by Mal-colm, which he is obliged to pay, to save his land from sale,

the principles of justice and equity require that he should be subrogated to all the rights and securities of the judgment creditor. The equitable doctrine of subrogation has many illustrations in reported cases. (*Sandford* v. *McLean*, 3 Paige, 117; *Atlantic Ins. Co.* v. *Storrow*, 5 Paige, 285; *Slade* v. *Van Vechten*, 11 Paige, 21; *Graham* v. *Dickinson*, 3 Barb. Ch., 169; *Ellsworth* v. *Lockwood*, 42 N. Y., 89; *Patterson* v. *Birdsall*, 6 Hun., 632, affirmed in Court of Appeals; *Lidderdale's Exrs.* v. *Robinson's Admr.*, 2 Brockenbrough, 159; *Cottrell's Appeal*, 23 Penn., 294; Bouvier's Dict., "Subrogation.") It is generally and most frequently applied in cases where the person advancing money to pay the debt of a third party stands in the situation of a surety, or is only secondarily liable for the debt; but it is also applicable to cases where a party is compelled to pay the debt of a third person to protect his own rights, or to save his own property. In *Cottrell's Appeal*, WOODWARD, J., said: "Subrogation is founded on principles of equity and benevolence, and may be decreed where no contract or privity of any kind exists between parties. Whenever one not a mere volunteer discharges the debt of another, he is entitled to all the remedies which the creditors possessed against the debtor." In *Lidderdale's Exrs.* v. *Robinson's Admr.*, Ch. J. MARSHALL said: "When a person has paid money for which others were responsible, the equitable claim which such payment gives him on those who were so responsible shall be clothed with the legal garb with which the contract he has discharged was invested, and he shall be substituted, to every equitable intent and purpose, in the place of the creditor whose claim he has discharged."

The Supreme Court seems to have denied the subrogation in this case on the ground that Mrs. Crawford and her heirs took the land subject to the claims of Crawford's creditors, and that therefore the heirs will have, after the payment of the judgment, all that was actually conveyed. This is not the correct view. It is substantially correct, however, when the relations between them and the creditor are alone con-

sidered. But subrogation against the creditor is not asked. He gets all he is entitled to when his judgments are paid, and he will then have no further interest in or claim upon the land. But the title of the heirs being good as against Crawford, when they pay the judgments against him to save their land they pay his debt, and they should have subrogation against him.

The point that it was discretionary with the Supreme Court to entertain this motion or turn Malcolm over to an action to obtain subrogation has never been taken by the respondent, and the motion was disposed of in the Supreme Court upon its merits, and not upon the ground that an action should have been commenced. The point should not, therefore, be considered now.

Order of Special Term and of the General Term reversed, and motion granted.

All concur except ALLEN and FOLGER, JJ., who unite in the following memorandum.

ALLEN and FOLGER, JJ., were for dismissing the appeal upon the ground that it was discretionary with the court below whether to grant the relief to which the respondent claimed to be entitled upon summary application, or to put him to his action. (*Shuman* v. *Strauss*, 52 N. Y., 404.) If the motion was denied on the ground that the court was not authorized to exercise its discretion, the *onus* was upon the appellant to show it. (*Cushman* v. *Brundrett*, 50 N. Y., 296.) The non-appealability of the order appearing upon the record, a waiver of the objection by the respondent, or an omission to take it, does not authorize the court to entertain the appeal. The court has repeatedly, upon its own suggestion, dismissed appeals from orders for the reason that they were discretionary, and, therefore, not appealable.

Orders reversed and motion granted.