ROBERT A. MILLS v. HENRY RODEWALD.

ROBERT A. MILLS, RESPONDENT, v. DAVID M. HILD-RETH, APPELLANT, IMPLEADED WITH HENRY STUBBEN.

*Bail, when indemnified, not allowed to surrender the principal — what a sufficient indemnity.*

In 1869 the defendant Hildreth became surety on an undertaking to secure the release from arrest of the defendant Rodewald. Thereafter, and in January, 1870, the latter procured a discharge under the non-imprisonment act, and thereafter went to Europe. In October, 1872, the plaintiff recovered judgment in the action in which Rodewald was arrested, and an execution having been returned unsatisfied, sued Hildreth, who defended on the ground that his principal had been discharged, which defence was sustained at the Circuit, but overruled at the General Term, because the discharge had not been recorded within the three months prescribed by statute. Rodewald having been notified, returned, and Hildreth applied for leave to surrender him, which was denied on the ground that plaintiff's rights had become fixed, and that the bail were indemnified; leave was given however to renew the application on proof that the indemnity was inadequate.

On a second application it appeared that the only indemnity received was the bond of defendant Rodewald's wife; that the latter claimed to have been coerced into executing it through fears of her husband dying in prison, and to rescue him from the violence of the plaintiff, and that she denied any liability thereon; she also denied a certain allegation of the plaintiff as to the value of her property, which was situated in Kentucky.

*Held*, that these facts did not show the indemnity given to the defendant Hildreth to be inadequate, and that the second application was properly denied. (BRADY, J., dissenting.)

APPEAL from an order made at the Special Term, denying an application of the appellant to surrender the defendant Rodewald, and to be exonerated from liability as his bail.

The first above entitled action was the action in which the undertaking was given. The second above entitled action was brought upon the undertaking, against the sureties thereon.

The defendant Rodewald was arrested and held to bail in the sum of $10,000 in the action brought against him, which was commenced in 1869. The defendant Hildreth became one of his sureties, and executed an undertaking under section 187 of the Code. In January, 1870, Rodewald being insolvent, applied under article

5 of the non-imprisonment act, entitled " of voluntary assignments by an insolvent for the purpose of exonerating his person from imprisonment," and there being no opposition he made an assignment of his property as required by law, and obtained his discharge as provided by the statute (*supra*). The defendant Rodewald was then in ill health, and having been thus relieved from the obligation to remain here on account of his bail, and supposing the law complied with, went to Europe. His departure was known to the defendant Hildreth, and was openly taken, and therefore without secresy. The plaintiff, in October, 1872, recovered his judgment against Rodewald; issued execution against him, and then commenced an action against Hildreth, who defended on the ground that his principal had been exonerated from imprisonment. The defence was sustained and the complaint dismissed. The plaintiff was not satisfied with this result and appealed to the General Term of the Supreme Court, which held that the discharge was invalid by reason of the omission to record it within the three months, prescribed by the statute for that purpose. The defendant Hildreth speedily notified the defendant Rodewald of this judgment, and he returned at once to this country and placed himself at the mercy of his bail. The defendant Hildreth, on the return of the principal, made application for leave to surrender the latter in exoneration of the bail. The application was denied upon the ground that it was too late, the rights of the plaintiff having become fixed, and because the bail were indemnified. The defendant Hildreth appealed from this order, which was affirmed, but with leave to him to renew the application, on showing that the indemnity was ineffectual. (*Mills* v. *Hildreth*, 7 Hun, 298.)

The application was accordingly renewed and denied, and the defendant Hildreth appealed. On the second application the defendant Hildreth stated, among other things, that he had never received any indemnity for being bail, except the written undertaking of the wife of Rodewald to protect him against his liability as bail, on account of which obligation he had never received anything, and he believed the same to be of no value. And Mrs. Rodewald stated that in the action against her husband an attachment had been issued; and further, as follows: That under said attach-

ment all of his property was attached and was afterwards sold; and although she is informed and believes that upon a fair sale the same would have brought enough to pay the whole demand of said Mills, yet it was sold at a sum much below said amount.

That her said husband was at the same time arrested and put in prison; and induced thereto by the fear of his dying, and the threats and intimidations of said Mills, to rescue him from the violence of said Mills, she did make a bond of some kind to David M. Hildreth, charging her separate estate, but she says she was informed there would be no liability thereon; and she denies that she ever thereby intended to engage to pay any sum of money, nor did she in any manner understand the nature thereof, and she denies her liability thereon; and she denies that she was ever in any way indemnified therefor by said Henry Rodewald or other person. That she has some lands in Kentucky which she received from her father's and mother's estate, but she denies the same are of the value of $60,000, or anything like said amount. That upon a part thereof there is some coal, but the quantity thereof is very uncertain, as she is informed and believes. That the greatest amount that said property has produced to her in any one year is $1,000, and she has no other income or means of support for herself and her said husband, who has never been able to resume any business, or to contribute to his support.

The truth of these statements as to the value of the indemnity was put in issue by the plaintiff, and the learned justice below held that the second motion did not present any essentially different features from those of the original motion, and that the affidavit read did not show " that the wife is or was irresponsible in fact or in law."

*G. C. Genet* and *A. J. Vanderpoel*, for the appellant. The power of the court to relieve the bail cannot, at this day, be questioned. When the bail act in good faith, it is the policy of the law to relieve them on producing the body of the principal. (Code, § 191; New Code, § 601; *Brownlow* v. *Forbes*, 2 John. R., 101; *Seaman* v. *Drake*, 1 Caines R., 9; *Mannin* v. *Partridge*, 14 East R., 599; *Boggs* v. *Teakle*, 5 Binney, 332.) The court had the power to relieve bail after they became fixed. (*Kane* v. *Ingraham*, 2

John. C., 403; *McCausland* v. *Waller*, 1 H. & J., 156; *Richardson* v. *McIntyre*, 4 Wash. C. C., 412; *Trinder* v. *Shirley*, Dougl., 45; *Brady* v. *Brundage*, 59 N. Y., 310; *Olcott* v. *Lilly*, 4 John., 407; *Thorne* v. *Brown*, 9 Watts, 288; *Heaten* v. *Wilkinson*, 1 Hall's Am. L. J., 260.) No case ever appealed more strongly to the favorable consideration of the court. (*Brady* v. *Brundage*, 59 N. Y., 310 ; affirming 2 Thomp. & C., 621; *Baker* v. *Curtis*, 10 Abb., 279; *Gilbert* v. *Bulkley*, 1 Duer., 668.) The absence of defendant, without the consent of the bail, has always been sufficient to warrant the court to authorize a surrender when the defendant did return. (*Thomas* v. *Bulkley*, 5 Cow., 25; *Boardman* v. *Fowler*, 1 John. C., 413; *Warner* v. *Hayden*, 2 Wend., 252; *Bk. of Geneva* v. *Reynolds*, 12 Abb., 81.) The affidavits presented on the renewal of the motion, pursuant to the leave granted by the General Term, show that the alleged indemnity was of no value. It was utterly unavailable to Mr. Hildreth. It was in fact no indemnity. The rules in regard to the doctrine of undue influence have been asserted in numerous cases in our own courts. (*Whelan* v. *Whelan*, 3 Cow., 537; *Sears* v. *Shafer*, 1 Barb., 44; 2 Seld., 272; *Howell* v. *Ransom*, 11 Paige, 538; *Ellis* v. *Messervie*, id., 467; 5 Denio, 640.) The general rule is clearly settled that a married woman is not liable on an obligation in the nature of a guarantee or suretyship. This is modified, of course, by the question or point, as to how far she can charge her separate estate by such an obligation. (*Manhattan Brass Co.* v. *Thompson*, 58 N. Y., 80; *Yale* v. *Dederer*, 68 id., 329; *Woolsey* v. *Brown*, 11 Hun, 52.) The General Term can review this order. (*Howell* v. *Mills*, 53 N. Y., 322; *Bolles* v. *Duff*, 43 id., 469; *Anonymous*, 59 id., 315; *Brady* v. *Brundage*, id., 310.)

*Thomas Bracken*, for the respondent. The motion was properly denied, and on the same facts upon which it had been previously denied. This denial was sustained by the General Term. (*Mills* v. *Hildreth*, 7 Hun, 298.) The liability of the defendants was and is fixed and determined, and the plaintiff, by the terms of the bond sued on, is and has been entitled to the amount of damages agreed upon to be paid by these defendants on the failure of their principal to comply with the terms of the bond. (*Barnes* v. *Gill*,

13 Abb. Pr. [N. S.], 116; *Mills* v. *Hildreth*, 12 S. C. R., 364, and cases cited ; 5 Hun, 364.) After an action has been begun against the bail no order can be obtained under the Code, unless some one of the events specified in Code, section 191, has occurred within twenty days from commencement of the action, or within such time as may be allowed by the court. More than twenty days have elapsed, and no time has been granted by the court. None of the conditions have been fulfilled. (*Hayes* v. *Carrington*, 12 Abb., 179; *Baker* v. *Curtiss*, 10 id., 279; 2 R. S., 388, 397, § 34.) It appears in this case that defendant Hildreth, now sued as bondsman, has been indemnified ; and where it cannot be shown that bail have not in any way been indemnified, then the motion for exoneration must be denied. (*Mills* v. *Hildreth*, 7 Hun, 298; *Bk. of Geneva* v. *Reynolds*, 12 Abb., 81; *Same Case*, 20 How., 18, and cases cited ; also 1 Waite's Pr., 678, and cases cited.) It was in the discretion of the court to grant or refuse the order. It was refused, and being a discretionary order is not appealable. (*Tauton* v. *Grop*, 8 Abb. [N. S.], 385, and cases cited ; *Forrest* v. *Forrest*, 25 N. Y., 501; *Brady* v. *Brundage*, 59 id., 310; *Anonymous*, id., 315.)

INGALLS, J. :

This motion was decided by the Special Term, and upon appeal to this court the order was affirmed, but with leave to the appellant to renew the motion at Special Term, which has been done, with a similar result. The opinion of the judge at Special Term shows that the relief sought was denied, mainly upon the ground that Hildreth holds an undertaking, executed by the wife of Rodewald, to indemnify him against any loss to which he may be subjected in consequence of becoming bail for her husband, and that the facts do not show that such security is either worthless or inadequate.

We think his conclusion is not without foundation. The obligation was voluntarily assumed by Hildreth, and relied upon by the plaintiff. The wife of Rodewald has interposed for the protection of her husband, and pledged her property, as the law allows her to do. The act may have been improvident on her part, and Hildreth may have acted unwisely in becoming bail, yet

the obligations were voluntarily assumed, and the fact will not justify this court in reversing the order of the Special Term. It should be affirmed.

DAVIS, P. J. :

I am of opinion that the court below was correct in holding that the new application did not essentially change the facts as presented before, and did not show that the indemnity given to the bail by Mrs. Rodewald was invalid or insufficient, wholly or in part, or that she was insolvent. The order should therefore be affirmed, for the reasons assigned on the former appeal to this court.

Neither the facts nor the law have been changed, and our sympathies ought not to lead us to disregard the legal rights of the plaintiff.

BRADY, J., dissenting :

. Judge BRADY after stating the facts as above set forth in addition thereto said :

It may be here noted that it did not appear on the original motion that Mrs. Rodewald was not indemnified in any way by her husband. It further appears also that Mrs. Rodewald denies her liability on the bond executed by her under the laws of this State. This statement presents the questions which we are called upon to examine and the facts are novel. The departure of the defendant Rodewald was not made under any unsettled conditions. He had applied for his discharge and had obtained it. The details were left with his lawyers and he had the right to suppose that they would be carried out. His absence was therefore justified and warranted. As soon as practicable after knowledge of the invalidity of his discharge he returned to this jurisdiction, ready to submit to its process. There is in the case, therefore, so far as the bail are concerned, and their principal in connection with them, the absence of all bad faith, the absence of any intention to evade the jurisdiction of this court in all its plentitude. The bail defended the action brought against them, relying on the validity of the discharge granted to their principal, and were sustained until the adverse judgment of the General

Term. Until that judgment they were not called upon to exercise any power over their principal, because until that event he was free from arrest by the decision of this court, made by the appropriate tribunal for the trial of such questions, and their duty to have their principal here to answer in any way should be held to have commenced then and then only. Bail are treated with great liberality by the courts. The failure of the execution against the person, to accomplish its object, does not establish the absolute right of the judgment creditor to a remedy against them. The principal may still be surrendered and the obligation of the bail wholly discharged in that way, and the surrender may be allowed after the expiration of the twenty days given to answer the complaint in the action against them. The power of the court to allow this cannot be questioned. It becomes a matter of discretion and of costs. (Code of Civil Procedure, 601; *Brady* v. *Brundage*, 59 N. Y. Rep., 310, and cases cited.)

Under the peculiar facts and circumstances disclosed on this motion (excluding for the present the question of the assumed indemnification), the application should have been granted because of the good faith of the principal and bail, and of the existing pronounced and adjudicated legal defence to any proceeding by the judgment creditor, until the decision of the General Term which changed the relations of the defendant Hildreth to such creditor, and imposed upon the bail the obligation either to surrender their principal or pay the judgment, and because of the readiness of the principal to respond to the process against his person and thus answer the ultimate penalty of the proceeding against him, indicated by his presence for a surrender as soon as practicable after the judgment making it necessary for him to appear. As already suggested this obligation mentioned did not exist as an absolute duty until such decision, because the defence created by the discharge was sustained.

Having arrived at this conclusion, the question remaining is whether the indemnification is such as to deprive the defendant Hildreth of that consideration, which is shown to bail as a general rule in the exercise of the equitable powers of the court.

It does not seem to be sufficiently established that such an

indemnity exists.   If it exists at all it is in the form of a bond, the value of which depends upon the property situate in the State of Kentucky and is one executed by the wife of the principal, not only without indemnity from her husband, and having no relation to or connection with her separate estate, but under circumstances which render its validity as an instrument doubtful.   The alleged threats and intimidations by the judgment creditor which secured the execution of the bond are not met, and if true, render the bond void.   (See *Eadie* v. *Slimmon*, 26 N. Y. R., 9; Story's Equity, § 239; *Whelan* v. *Whelan*, 3 Cow., 537; *Sears* v. *Shafer*, 1 Barb., 44; *S. C.*, 2 Seldon, 272; *Howell* v. *Ransom*, 11 Paige, 538; *Ellis* v. *Messervie*, id., 467; *Evans* v. *Ellis*, 5 Denio, 640.)   This is not a case in which the bail has money in his hands, or goods of any kind in his possession to meet the obligations assumed, but at best, a doubtful indemnity; doubtful in its validity as a binding instrument, and also in regard to the responsibility of the person making it.   Under all the circumstances of this case, therefore, we think the motion made on the second application should have been granted, and that the order made at Special Term should be reversed, and the cause sent back to the Special Term for consideration as to the terms to be imposed.

Order affirmed.