ROBERT A. MILLS, Respondent, v. DAVID M. HILDRETH, Impleaded, etc., Appellant.

Under section 191 of the Code of Procedure exoneration of bail by the legal discharge of the principal from the obligation to render himself amenable to process within twenty days after the commencement of an action against them was a matter of right, but after that time it was a matter in the discretion of the court.

Accordingly, *held*, that an order denying a motion on the part of bail, made more than twenty days after the commencement of a suit upon the bail bond, was not reviewable here ; it not appearing that the order was made upon any ground concerning which the court was not called upon to exercise its discretion.

(Submitted March 9, 1880 ; decided June 1, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, denying a motion upon the part of defendant Hildreth for leave to surrender his principal and to be exonerated as bail.   (Reported below, 7 Hun, 298.)

This action was brought against defendants as sureties for one Rodewell upon an undertaking given to procure his discharge from arrest in an action brought against him by plaintiff in 1869.   Plaintiff obtained judgment against Rodewell in October, 1872, and upon return of execution against his property, unsatisfied, an execution against his person was issued in

December, 1872. Rodewell not having rendered himself amenable to that process this action was commenced in 1873. In 1870 Rodewell made application under the Non-imprisonment Act to be exempted from arrest or imprisonment, and obtained his discharge, but omitted to file and record it and the papers accompanying within three months as prescribed by the statute (Chap. 116, Laws of 1866), and the same were not filed and recorded until October, 1874. Rodewell, after obtaining his discharge, went abroad. The discharge so obtained was set up as a defense in this action; this defense was sustained and the complaint was dismissed on trial. The judgment was, however, reversed on appeal by the General Term. Rodewell, upon being notified of this, returned and Hildreth thereupon made an application for leave to surrender him in exoneration of the bail. The application was denied upon the ground, among others, that Hildreth had been indemnified. On appeal the General Term affirmed the order (7 Hun, 208) but with leave to renew, and thereupon the present application was made.

*Geo. C. Genet & A. J. Vanderpoel* for the appellant. The court had power to relieve the bail. (Code, § 191; New Code, § 601; *Brownlow* v. *Forbes*, 2 Johns. 101; *Seaman* v. *Drake*, 1 Caines, 9; *Nannin* v. *Partridge*, 14 East, 599; *Boggs* v. *Teakle*, 5 Binney, 332; *Riddles* v. *Mitchell*, id. 11; *Kane* v. *Ingraham*, 2 Johns. Cas. 403; *McCausland* v. *Waller*, 1 H. & J. 156; *Richardson* v. *McIntyre*, 4 Wash. C. C. 412; *Teinder* v. *Shirley*, Dougl. 45; *Brady* v. *Brundage*, 59 N. Y. 310; *Olcott* v. *Tilly*, 4 Johns. 407; *Thorne* v. *Brown*, 9 Watts, 288; *Heaten* v. *Wilkinson*, 1 Hall's Am. Law Jour. 260; *Baker* v. *Curtis*, 10 Abb. 297; *Gilbert* v. *Bulkley*, 1 Duer, 668.) The court can review the order appealed from. (*Howell* v. *Mills*, 53 N. Y. 322; *Bolles* v. *Duff*, 43 id. 469; *Anonymous*, 59 id. 315; *Brady* v. *Brundage*, id. 310; *Frederick* v. *Taylor*, 52 id. 596.)

*Thomas Bracken* for the respondent. The order being a discretionary one, no appeal lies. (*Bolles* v. *Duff*, 43 N. Y. 469; *Cushman* v. *Brundrett*, 50 id. 296; *People* v. *Hill*, 53

id. 547; *Howell* v. *Mills,* id. 322; *Gray* v. *Fisk,* id. 630; *Brady* v. *Brundage,* 59 id. 310 ; *Anonymous,* id. 315.) After an action has been begun against the bail, no order can be obtained under the Code, unless some one of the events specified in section 191 has occurred within twenty days from commencement of the action, or within such time as may be allowed by the court. (*Hayes* v. *Carrington,* 12 Abb. 179 ; *Baker* v. *Curtiss,* 10 id. 279; 2 R. S. 388 [397], § 34.)

DANFORTH, J. The reasons given by BRADY, J., in his opinion in the Supreme Court are sufficient to commend the motion to the favorable consideration of this court, and if the order made in opposition thereto is subject to review by us, would lead to its reversal; but the respondent objects that it is not appealable, and the question thus raised must be first considered. The provisions of the Code of Civil Procedure relating to the exoneration of bail are relied upon to some extent by the appellant, but they are not applicable to the case before us. The bail was charged, and the various matters now relied upon, occurred prior to its enactment; whatever effect, therefore, might be otherwise given to the terms of section 601, the rights of the parties to this appeal must be determined upon the law as it stood prior thereto. The action against the bail was commenced in 1873, and a defense interposed. By section 191 of the Code of Procedure, the bail might have been exonerated, upon the happening of certain events, some of which exist here, and among others by the legal discharge of the principal from the obligation to render himself amenable to process within twenty days after the commencement of the action against the bail, or within such further time as might be granted by the court. An application for this extension might have been made not only after the expiration of the time limited, but even after judgment. (*Nichols* v. *Sutfin,* 7 Cow. 422 ; *Bank of Geneva* v. *Reynolds,* 20 How. Pr. 19; *Brady* v. *Brundage,* 59 N. Y. 310.) But while exoneration within twenty days was matter of right, after that time it depended upon favor, or the discretion of the court. In this case no legal right of the bail has been denied, and his

motion assumes that by the application of strictly legal rules, he will be subjected to the penalty of his undertaking. The jurisdiction of this court does not reach such a case. (*Brady* v. *Brundage*, 59 N. Y. 310; *Anonymous*, id. 313; *Alling* v. *Fahy*, 70 id. 571.) The appellant does not show, nor can we learn from the papers, that the order appealed from was made upon any ground concerning which the court was not called upon to exercise its discretion. (*Cushman* v. *Brundrette*, 50 N. Y. 296.) The case, therefore, is within the rule well established in the cases above cited, and many others to which it is needless to refer. We are, therefore, constrained to hold that the respondent's objection is well taken, and that the appeal should be dismissed, but without costs.

All concur, except ANDREWS, J., absent at argument.

Appeal dismissed.