# SUPREME COURT.

## WATT agt. REILLY.

*Responsibility of sheriff — Liability as bail.*

Where a defendant, after arrest, has been allowed to go at large after giving an undertaking, the sheriff becomes liable as bail until the sureties in the undertaking justify and are approved by the court.

Where at the time a *supersedeas* is granted, the defendant is still at large and the sureties have not justified, the sheriff is still liable as bail and can only be exonerated from that liability in the same manner as ordinary bail.

Although the *supersedeas* might have been a protection to the sheriff as long as it remained in force, yet, when the court, at general term, reversed the order allowing the *supersedeas,* the liability of the sheriff as bail revived.

*At Circuit, January,* 1882.

*Jacob Fromme* and *S. Jones,* for plaintiff.

*Robert S. Green,* for defendant.

LAWRENCE, *J.* — The schedules which both parties assumed on the trial to be annexed to the complaint are not annexed to the copy of the complaint furnished to the court, but, as all agree as to the contents of those schedules, I can dispose of the case without them. The defendant having been allowed to go at large after giving an undertaking, the sheriff became liable as bail until the sureties in the undertaking justified and were approved of by the court (*Code, sec.* 587; *Bensell* agt. *Lynch,* 44 *N. Y.,* 162; *Brady* agt. *Brundage,* 59 *N. Y.,* 310; *Von Gerhardt* agt. *Lighte,* 13 *Abb.,* 101). At the time the *supersedeas* was granted — as the defendant was still at large and as the sureties had not justified — the sheriff was still liable as bail, and could only be exonerated from that liability in the same manner as ordinary bail (*Brady* agt.

Watt agt. Reilly.

*Brundage*, 59 *N. Y.*, 310). Granting, then, that the *supersedeas* might have been a protection to the sheriff as long as it remained in force, when the court, at general term, reversed the order allowing the *supersedeas*, the liability of the sheriff as bail revived. The case of *Von Gerhardt* agt. *Lighte* (13 *Abb.*, 101) is directly in point. There the general term of the common pleas held (judge BRADY writing the opinion) that bail are not exonerated absolutely by the judgment in favor of their principal, but that if the judgment is set aside and the plaintiff is allowed to proceed in the action, their liability revives.

There is nothing in the case of *Pfander* agt. *Bowe* (*MSS. opinion, general term*), as I understand it, which conflicts with these views. In that case it did not appear that the sheriff's liability as bail had become fixed before the court ordered the discharge of the prisoner, and it was held that the sheriff was not liable in an action for damages for having allowed the prisoner to go at large in obedience to the order of the court. But in this case we should not lose sight of the fact that the sheriff, at the time of the issuing of the *supersedeas*, and ever since he served the order of arrest, had been liable to the plaintiff as ordinary bail for the appearance of the defendant.

Now that the *supersedeas* has been set aside, I do not see how he can justly complain if the court does as it would do in the case of all other ordinary bail — *i. e.*, simply relegates him to the position in which he stood before the *supersedeas* was issued.

I am of the opinion that the plaintiff is entitled to judgment.