IN THE MATTER OF THE CLAIM OF BETSEY B. WILBUR, RESPONDENT, v. THE ESTATE OF ENOS WARREN, DECEASED, APPELLANT.

*Liability of a party assuming the payment of a mortgage in a conveyance of real estate— right of one claiming under a voluntary conveyance from him, to enforce that liability.*

In June, 1879, one Wilbur and his wife conveyed to one Warren seventy acres of land, subject to the conditions of a mortgage theretofore given by the grantors and the bond accompanying it, which the grantee agreed to pay as part of the consideration of the conveyance. In 1880 Warren conveyed the premises to his daughter, Wilbur's wife, by a full covenant deed expressing a consideration of $500, but being in fact a voluntary deed founded upon a meritorious consideration. After Warren's death the daughter, having paid interest upon the amount remaining unpaid upon the bond and mortgage, presented a claim therefor against the estate of Warren.

*Held,* that she was entitled to recover the amount so paid, upon the ground that as her grantor was personally liable to pay the debt by virtue of the covenants contained in his deed, she, as his grantee, was entitled to be subrogated to the remedy possessed by the mortgagee to charge him or his estate with the payment thereof.

APPEAL from a decree of the surrogate of Chautauqua county, allowing to Betsey B. Wilbur a claim made by her against the estate of Enos Warren, deceased.

In 1866 one Loucks conveyed to Riley Wilbur ninety acres of land for the expressed consideration of $3,600. And in 1876 the grantee and his wife, Betsey B. Wilbur, gave a mortgage on the premises to one Miller to secure the payment of $2,400. In 1877 Wilbur and wife conveyed twenty acres of the land to one Blauvelt, who gave back a mortgage for $549, and in 1879 Blauvelt conveyed the same twenty acres to Enos Warren, subject to the lien of the two mortgages. And afterwards, in June, 1879, Wilbur and wife conveyed the seventy acres to Enos Warren by deed, subject to the conditions of the Riley mortgage of $2,400, and the bond accompanying it, which the grantee agreed to pay as part of the consideration of the conveyance, the conveyance stating that it was accepted by him on those conditions. In 1880 Enos Warren conveyed the seventy acres to Betsey B. Wilbur by a full covenant warranty deed, expressing a consideration of $500. But in fact the deed was voluntary and upon a meritorious consideration only.

The grantee was his daughter. He paid $1,400 of the principal sum secured by the mortgage prior to his conveyance to her and there remained $1,000 unpaid. He afterwards died intestate and letters of administration were issued to Hiram P. Warren and Betsey B. Wilbur. She having paid interest upon the bond and mortgage instituted this proceeding before the surrogate, who allowed the amount so paid by her against the estate of the intestate. The administrator, Hiram P. Warren, contested the claim and appeals.

*Frank Stevens,* for the appellant.

*A. Hazleton,* for the respondent.

BRADLEY, J.:

The deed of Enos Warren to Betsey B. Wilbur (his daughter), was made without any consideration other than natural love and affection. The question is whether, as between the parties to this conveyance, the land was the primary fund for the payment of the mortgage debt? If it was, the claimant was not entitled to credit and allowance for the amount paid by her upon it, but if, as between them, the debt may be treated as that of her grantor, she was entitled to the relief given by the decree.

If her remedy is dependant upon the covenants in the deed, and founded upon them only, it is difficult to support the claim of the petitioner, as an executory agreement without consideration other than meritorious, creates no liability. (*Fink* v. *Cox,* 18 Johns., 145 ; *Harris* v. *Clark,* 3 N. Y., 93 ; *Whitaker* v. *Whitaker,* 52 id., 368.) And such covenants seem to come within the same rule. (*Duvoll* v. *Wilson,* 9 Barb., 487.) The deed was effectual as an executed conveyance of the title to the premises, and was not, by its terms, made subject to the mortgage. It is, however, contended that inasmuch as the covenants were ineffectual to support any remedy of the grantee founded upon them, the conveyance must be deemed made subject to the mortgage, and therefore the land is the primary fund to pay the debt secured by it. If the deed may be treated as a conveyance of the equity of redemption only, and no other rights arise out of the relation and conveyance, the contention is supported. When Enos Warren took the deed from Riley, subject to the mort-

gage, and undertook to pay it, he became liable upon his covenant to do so, provided his grantor was personally liable to pay the mortgage debt. (*King* v. *Whitely*, 10 Paige, 465; *Vrooman* v. *Turner*, 69 N. Y., 280.) And the mortgagee might have maintained an action at law against him to recover it. (*Burr* v. *Beers*, 24 N. Y., 178; *Thayer* v. *Marsh*, 75 id., 340.) The evidence tends to show, and the conclusion is justified, that the mortgage was given to secure the bond of the mortgagor, so that as between him and his grantee, the latter was the principal debtor and the mortgagor, had the relation of surety in respect to the mortgage debt, with all the rights incident to that relation. The debt secured by this mortgage then became the debt of Warren. And the question arises whether, as between him and the petitioner, after the conveyance to her, it remained such, because her right to relief is dependent upon that of subrogation to the rights and remedies of the mortgagee against him and his estate. If she is required to pay the debt of her grantor to relieve her property from its lien, she has her remedy for reimbursement. (*Cole* v. *Malcolm*, 66 N. Y., 363.) The covenants expressed in the deed to her are that he had title free from incumbrance, and that she should be defended in the quiet and peaceable possession of the premises, etc. While these covenants were not effectual to create his personal obligation, for reasons before given, they may be treated as evidence of his purpose, and to show the *quantum* of the estate he intended she should take by the conveyance, that it was not intended to be subject to the mortgage, or that his personal liability to pay the debt he had incurred in the purchase should continue and not be charged upon the land. A conveyance without warranty is not, for that reason, necessarily made subject to an existing incumbrance on the property conveyed. The question is one of understanding between the parties when not evidenced by provisions in the instrument. And covenants evince intent in that respect, as well as does the fact of payment of what is deemed the full value of the property conveyed. (*Cooper* v. *Bigby*, 13 Mich., 474, 475; *Wadsworth* v. *Lyon*, 93 N. Y., 201.)

The petitioner's grantor incurred personal liability to pay a portion of the purchase-money of this land, and conveyed it to her, with an expression in the deed of purpose to vest in her the title to it free from the lien of the mortgage. Up to that time the debt

was his by force of his covenant in the deed, which he had taken as effectually as if it had been represented by his obligation to pay so 'much of the purchase-money, and the mortgage as security was the mere incident or collateral to it. He had the right, by the terms of his conveyance, to shift the primary charge for the payment of the debt to the land and take the relation of surety, and, as between him and his grantee, the right of subrogation to the rights and remedy of the mortgagee; and he was no less at liberty to retain his position as principal debtor, having the primary duty to pay it, and thus permit his grantee to have the benefit of his liability and that of his estate for indemnity, with the equitable right of subrogation for the purposes of remedy and relief.

But it is said that the principal upon which the right of subrogation is founded, and which governs its employment, will not permit its application in this case, because whatever the grantee took by his deed was the gift of the father, and it is not equitable or just for her to be permitted to seek more than she derived from the legal effect of the executed conveyance, which was the equity of redemption only. While this doctrine of subrogation does not exist in contract but is applied in support of remedies for the promotion of justice, and for that purpose is deemed guided by principles of equity, those principles are quite well established and are in no sense capricious. It is a stable proposition that when one party is required to pay, and pays, the debt of another, and which such other ought to pay, the former will, for the purposes of relief, be subrogated to the remedies of the creditor. There is no apparent reason why a person may not give to another property for which he has incurred an undischarged liability to pay, and the debt be still treated as his for the purposes of relief of his donee, although secured by lien upon the property. His duty to the latter to pay it may be no less, for that reason, if such was the intent. That, in our view, is this case, and the right of subrogation for relief followed the payment of the debt, or any portion of it, by the petititioner to the extent of such payment by her; and in this respect the case is distinguished from *Duvoll* v. *Wilson* (*supra*). In that case there does not appear to have been any personal liability of the grantor. If that had been the case here the respondent would have been.

without remedy, because the executory covenants would not afford it to her, and as a consequence the land would necessarily have been the primary fund for the payment of the mortgage debt, but the personal liability of her grantor remaining, the superior obligation rested with him to pay, no less, because it was secured by the mortgage. The case, therefore, fairly comes within that of *Cole* v. *Malcolm* (66 N. Y., 363), and the respondent is entitled to be subrogated to the remedy possessed by the mortgagee, to charge her grantor or his estate, arising out of his personal liability to pay the debt for the purposes of reimbursement of the amount paid by her upon it. (*Barnes* v. *Mott*, 64 N. Y., 397–402.) This is not put upon the ground that she derived from her grantor any undertaking on his part to pay, but because it was his debt that she has been required to pay and has paid.

The decree should be affirmed.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Decree of the surrogate affirmed, with costs to the respondent, but to include but one argument fee.