THEODORE F. BAYLES and JOHN WOOD, Executors, *v.* SARAH S. HUSTED and Others.

THEODORE F. BAYLES *v.* SAME.

*Subrogation — right of a widow to compel one holding a mortgage on the land of the husband to assign the same to protect her dower.*

The plaintiff, who held four mortgages, executed by John A. Husted, the husband of the defendant Sarah, threatened after his death to foreclose them. The widow offered to pay the amount due on the mortgages and requested the plaintiff to assign them to a person named by her. He refused to assign them unless she would pay a claim presented against her late husband, which she disputed and refused to pay. In these actions, brought by him to foreclose the mortgages, the defendant moved for and obtained an order compelling the plaintiff to assign the mortgages to such person as she would designate to receive the same, and directing the discontinuance of the action, without costs. *Held*, that the order was properly made and should be affirmed.

That it was, under the circumstances of the case, proper to direct that the action be discontinued, without the payment of interest subsequent to the tender, and without costs.

APPEAL from an order made at the Dutchess Special Term, and entered in Westchester county, requiring the plaintiff in the above entitled actions to assign the mortgages, which the actions were brought to foreclose, to such person as the plaintiff might designate upon receiving the amount due thereon at the time at which a tender had been made, and discontinuing the actions, without costs.

*William F. Purdy*, for the appellant.

*Henry C. Griffin*, for the respondent.

DYKMAN, J.:

The plaintiff held four mortgages executed by John A. Husted, deceased, in his lifetime. The defendant Sarah S. Husted is the widow of John A. Husted, who died intestate, leaving children. After his death the plaintiff threatened foreclosure of the mortgages, and the defendant Sarah S. Husted offered to pay the amount due on the mortgages and requested their assignment by the plaintiff to a person named by her. The assignment was refused unless the defendant would also pay a claim presented by the plaintiff against her late husband, which she disputed and refused to pay. Thereupon these actions were commenced for the foreclosure of the

mortgages, and the defendant made a motion to compel the plaintiff to assign the mortgages to such person as the defendant should designate to receive the same, and discontinue these actions, without costs. The motion was granted and the plaintiff has appealed from the order.

The interest of the defendant in the mortgaged premises, as the widow of the mortgagor, was sufficient to confer on her the right to retire these mortgages and substitute herself or some other person at her election in the place of the creditor, for the purpose of protecting her own interest in the premises. The right of subrogation is sufficiently broad to comprehend all parties who are obliged to pay to protect their own interest. It must be remembered that this defendant has a vested right of dower in these premises, which is entitled to nourishment and protection to the same extent as any other interest, and the courts will at all times protect the same against impairment and invasion of every description. Originally applied in behalf of parties occupying the position of surety, the doctrine of subrogation has been much extended until it has come to be applicable to all persons whose property is incumbered for the debt of others. (*Barnes* v. *Mott*, 64 N. Y., 397.) The benefit of this doctrine may be invoked by any party compelled to pay the debt of another to save or protect his own property. (*Cole* v. *Malcolm*, 66 N. Y., 363.) The relief to which the defendant was entitled was properly extended by motion, and it rested with her to elect whether the assignment of the mortgage should be made to her or to a person in her interest designated by her. The direction for the discontinuance without the payment of interest, subsequent to the tender and without costs, was right and justifiable under all the disclosed circumstances.

The order should be affirmed, with ten dollars costs and disbursements.

PRATT, J.:

The point made by appellant that when the money was tendered no reason was given for requiring the assignment; no information given that Griffin was acting for Mrs. Husted, etc., cannot avail the appellant. Previous negotiation had fully apprised plaintiff of all the facts necessary to be known.

The actions are clearly brought to induce the payment of a claim, the validity of which is disputed, as a condition of allowing the mortgage money to remain. . Mrs. Husted was entitled to protect her dower interest by procuring an assignment of the mortgages to a friendly assignee. The interests of the infants are the proper concern of the court, and appellant's anxiety for their welfare is no legal reason for refusing to make the assignment demanded.

Order affirmed, with costs.

Order affirmed, with costs and disbursements (in both cases).