(24 Misc. Rep. 18.)

### PULITZER v. NATIONAL LIFE ASS'N et al.

(Supreme Court, Special Term, New York County. June, 1898.)

SUBROGATION—MORTGAGES.

    The owner of mortgaged property is not entitled to be subrogated to the rights of mortgagee because of other liens against the property subsequent to the mortgage.

Action by Joseph Pulitzer against the National Life Association and another to foreclose a mortgage. Heard on motion by defendant association for an order directing plaintiff to assign the mortgage to it. Denied.

Bowers & Sands, for plaintiff.

Frank H. Mackintosh, for defendant association.

RUSSELL, J. The defendant association moves to compel the plaintiff to assign his mortgage of upwards of $40,000, upon payment of the amount due upon the mortgage and the costs of this action. The party moving is a purchaser from a mortgagor who has been released by the plaintiff from any deficiency judgment. The association claims the right of subrogation, although the present owner of the premises and the person primarily liable to pay the mortgage. The cause for the request is stated in the motion papers to be that the association cannot execute a new mortgage on account of its inability to secure the money necessary to pay the mortgage "because of an attachment and a judgment which are liens upon the premises and which cannot be disposed of without great sacrifice to the interests of said defendant." Resistance is made to this motion on the theory that it is the duty of the defendant to pay the mortgage, and that no mere owner, without further equitable rights, is entitled to be subrogated to plaintiff's security.

Where there is a contest as to the rights of a party seeking relief, it would seem that a motion is hardly the proper remedy, as against the plaintiff, to compel an assignment of his security. The scope of the action is to enforce payment, and, if there be no defense, the relief granted is for a foreclosure of the mortgage, with the usual judgment for any deficiency. It is not perceived what jurisdiction the court had to use the pendency of the action to compel the plaintiff to give, on motion, equitable affirmative relief to the defendant for matters arising subsequently to the commencement of the action. A supplemental answer, or a new action in equity, by the defendant, in which

a prayer for affirmative relief appeared by the pleadings, becoming part of the record, would be the proper method of trial of the issue. But the existence of the right of the court to award such relief upon a motion is assumed by the court of appeals. Cole v. Malcolm, 66 N. Y. 363; Twombly v. Cassidy, 82 N. Y. 155. The latter case decided that a junior incumbrancer could compel an assignment of the mortgage sought to be foreclosed. It was also decided in Cole v. Malcolm, supra, that even the owner of the title might have subrogation where it was necessary to protect his rights or save his property. In that case, however, the equity was apparent, for, unless an assignment of the superior lien was obtained, his own title might be invaded by other claims which were subordinate to that sought to be subrogated, and which were not his own obligations, and he would lose the benefit of his payment of the superior lien.

I find and am referred to no case holding that the owner may have subrogation, because of attachments or judgments against the property which are liens, and which presumably, therefore, the owner ought to pay. Unlike the case of Cole v. Malcolm, where the owner, without subrogation, might have been compelled to pay the debts of other persons, the application here is to compel an assignment, so that the owner may have all the rights of the mortgagee against the enforcement of the payment of its own indebtedness. It is not distinctly stated that this attachment and judgment are against the association; but, as they cannot well be liens without being in the nature of processes against this defendant, it may be so assumed.

It not appearing, therefore, that subrogation is necessary to save the rights or property of the defendant association, the motion is denied, with costs. Motion denied, with costs.