LittletoN, Judge,
delivered the opinion of the court:
Upon the findings and for the reasons set forth in the case of The Brooklyn & Queens Screen Manufacturing Company v. United States, No. 43115, this day decided, the plaintiff is not entitled to recover $16,078.31 of the $17,955.16, which the defendant admits to be due either to The Brooklyn & Queens Screen Manufacturing Company or to the plaintiff as liquidator of the National Surety Company. Plaintiff seeks judgment for the entire amount of $17,955.16 on the ground that when it elected to complete the work for the Government it was subrogated to all the rights which The Brooklyn & Queens Screen Manufacturing Company may have had under contract, and that, although a portion of the amount was owing from the defendant under the contract at the time the prime contractor stopped work, such contractor is not entitled to any part of it. We cannot *549 agree. The facts show and we have held in Case No. 43115 that the defendant breached Article 16 of the contract and that The Brooklyn & Queens Screen Manufacturing Company was justified in refusing to go ahead with the work under contract. In these circumstances there was no legal liability on the part o.f the National Surety Company on the bond of the contractor to complete the work or respond in damages to the Government. There was no default or breach of the contract by the contractor and, therefore, no liability attached to the Surety Company under the terms of the bond. The case of Prairie State National Bank v. United States, 164 U. S. 227, held that a surety on a bond who is required to step in and perform all the obligations of a defaulting contractor is subrogated to whatever rights such contractor might have under the contract, but the court also held as follows:
As said by Chancellor Johnson in Gadsen v. Brown, Speers, Eq. 38, 41, (quoted and referred to approvingly in the opinion in Aetna L. Ins. Co. v. Middleport,) “the doctrine of subrogation is a pure unmixed equity, having its foundation in the principles of natural justice, and from its very nature never could home been intended for the relief of those who were in any condition in which they were at liberty to elect whether they would or would not be bound; and, as far as I have been able to learn its history, it never has been so applied.” [Italics ours.]
In the case of German Bank of Memphis v. United States, 148 U. S. 573, the court said:
The equitable doctrine of subrogation applies where a party is compelled to pay the debt of a third person to protect his own rights or to save his own property. Slade v. Van Vechten, 11 Paige 21; Cole v. Malcolm, 66 N. Y. 366; Sanford v. McLean, 3 Paige, 117; Atlantic Ins. Co. v. Storrow, 5 Paige, 285; Graham v. Dickinson, 3 Barb. Ch. 169; Ellsworth v. Lockwood, 42 N. Y. 89.
In Aetna Life Insurance Company v. Middleport, 124 U. S. 534, the court cited with approval the case of Suppiger v. Garrels, 20 Broadw. 625, in which the court said:
'Subrogation in equity is confined to the relation of principal and surety and guarantors, to cases where a *550 person to protect his own junior lien is compelled to remove one which is superior, and to cases of insurance. * * * Anyone who is under no legal obligation or liability to pay the debt is a stranger, and, if he pays the debt, a mere volunteer. [Italics ours.]
Further, in the case of The Illinois Surety Co. v. Mitchell 177 Ky. 367 (197 S. W. 844), it was held that “There are, however, two definite limitations to the doctrine [of subro-gation] as above broadly stated: First, a surety is not entitled to subrogation until he has paid the debt; and, secondly, a volunteer is not so entitled.”
Plaintiff is entitled to recover only $1,876.85 and judgment will be entered in his favor for that amount. It is so ordered.
Madden, Judge; Jones, Judge; and Whaley, Chief Justice, concur.
WhixaKER, Judge, took no part in the decision of this case.